## CAMPBELL v. FETTY.

(Circuit Court of Appeals, Fifth Circuit. March 5, 1921.)

No. 3594.

1. **Contracts ⊂⊃211—Option must be exercised within time fixed by contract.**

Where an option contract fixes the time for exercise of the option, an election to accept, not made until after expiration of such time, is not binding on the optionor; time being of the essence of option contracts.

2. **Corporations ⊂⊃82—Contract held to limit time for exercise of option by subscriber for stock; "then."**

Where defendant, on a sale of stock to plaintiff, made an offer that, "should you carry this stock for twenty-four months and then desire to dispose of it I will take it off your hands," the word "then" *held* to mean "at that time," and not "afterwards," and to fix the time when the option must be exercised.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Then.]

3. **Estoppel ⊂⊃58—Must have misled adverse party to his injury.**

An estoppel to set up a defense presupposes liability at the time of the act creating the estoppel, and that the party relying on it has been misled into such action that he will suffer injury if the estoppel is not declared.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

At Law. Action by Roy R. Campbell against I. H. Fetty. Judgment for defendant, and plaintiff brings error. Affirmed.

Jacob Gazan, of Savannah, Ga. (Sam D. Snodgrass, of Temple, Tex., on the brief), for plaintiff in error.

Robert M. Hitch and Remer L. Denmark, both of Savannah, Ga. (Hitch, Denmark & Lovett, of Savannah, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error sued to recover judgment for $20,000, which was the par value of stock of the East Oregon Lumber Company purchased by him December 10, 1915, through defendant in error, who at that time was president of the said company. Judgment was also prayed for interest at the rate of 8 per cent. per annum from the date of purchase of the stock.

The suit is based upon a promise by defendant in error, contained in a letter written by him to plaintiff in error December 3, 1915, as follows:

"In consideration of this subscription, as I stated to you, should you carry this stock for 24 months, and then desire to dispose of it, I will take it off your hands and allow you 8 per cent. carrying charge. You understand that, should any dividends be paid in the meantime, they would, of course, be deducted from the carrying charge."

The petition alleges that plaintiff in error, on January 23, 1918, tendered the stock to defendant in error, who declined to accept and pay for it, and further alleges that on June 19, 1918, defendant in

error admitted liability, and stated that he would purchase the stock even then if he were able to do so. The court sustained a demurrer to the petition, and dismissed it.

The language quoted above from the letter conferred upon plaintiff in error an option to sell. Strictly speaking, it did not create, upon acceptance, a contract of sale or return, for the reason that the East Oregon Lumber Company, and not defendant in error, was the owner of the stock sold to plaintiff in error. The difference is not important, except as it may serve to distinguish some of the cases relied upon by plaintiff in error. In contracts of sale or return, a reasonable time, after the expiration of the time stipulated for the exercise of an election to return, is usually allowed for physical delivery; but the time within which election to return is required is usually enforced strictly, in both contracts of sale or return and option contracts.

[1] By the great weight of authority, time is of the essence of option contracts. If the parties themselves fix the time for the exercise of the option—that is, for the acceptance of the offer therein contained —an election to accept, not made until after the expiration of the time so limited, is not binding upon the optionor. In the event a definite time is not fixed by the parties, the law allows a reasonable time within which the option must be exercised, or the offer accepted. 20 R. C. L. 428; Taylor v. Longworth, 14 Pet. 172, 10 L. Ed. 405; Waterman v. Banks, 144 U. S. 394, 12 Sup. Ct. 646, 36 L. Ed. 479; Lord Ranelagh v. Melton, 2 Drewry & Smale, 278; Magoffin v. Holt, 1 Duv. (Ky.) 95; note to Brooks v. Trustee Co., 50 L. R. A. (N. S.) 599.

Plaintiff in error contends that in the state of Georgia, where it is claimed the alleged breach of contract occurred, time is not considered as of the essence of option contracts, and relies upon Newburger v. Hoyt, 86 Ga. 508, 12 S. E. 925, and Rogers v. Burr, 97 Ga. 10, 25 S. E. 239, and thereupon insists that the rule prevailing in Georgia should be adopted as the law of the case. If the local rule were as stated, it is by no means conceded that it would be controlling in the decision of this case, since the question under consideration is one of general as distinguished from local law. Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865. However, the cases relied upon by plaintiff in error do not appear to be in harmony with the more recent opinions of the Supreme Court of Georgia, such as Larned v. Wentworth, 114 Ga. 208, 39 S. E. 855, and Hughes v. Holliday, 149 Ga. 147, 99 S. E. 301. In the case last cited it is said:

"In the case of Larned v. Wentworth, 114 Ga. 208, 39 S. E. 855, an option contract was under consideration. At page 222 of the opinion in that case it was said: 'It is peculiarly a contract of which time is of the essence.' Because of the one-sided nature of an option contract, time of the election by the optionee is of the essence of the contract in equity as well as in law, whether the contract expressly so stipulates or not. James on Option Contracts, § 862. The failure of the optionee to elect and to give notice of his election within the time limited in his contract, if there be stipulation as to time, and within a reasonable time implied by law in the absence of stipulation, ends his option rights."

[2] The next question raised is whether the language quoted from the letter of defendant in error fixed a definite time for plaintiff in

error's election to return the stock.   Upon the authority of the cases already cited, and in view of the connection in which it is used, we are of opinion that the word "then" does not mean "thereafter," as contended by plaintiff in error, but is equivalent to the expression "at that time."   It is not apparent or reasonable that defendant in error contemplated binding himself to allow plaintiff in error to speculate upon the rise or fall of the stock, or upon the prosperity or adversity of the company, for an indefinite time beyond the period plaintiff in error was required to keep the stock.   To give to defendant in error's obligation the construction sought to be placed upon it would in effect be to substitute language which was not used, and which it cannot be said it was the intention of the optionor to use.   In holding that "then" means "at that time," effect is given to the sentence following, in which it is provided that dividends "paid in the meantime" should be deducted.   In using the last-quoted phrase, it is apparent that defendant in error had in mind a definite rather than an indefinite period of time.   Lord Ranelagh v. Melton, supra.

The allegations in the petition that defendant in error, about six months after the expiration of the option, admitted his liability, and stated that he would be willing to take the stock at that time if he were able to do so, are made the basis for the contention that defendant in error waived or estopped himself from setting up the defense that the option had expired.   There was no waiver, because the alleged admission of inability to pay is not at all inconsistent with the defense that there was no liability.   Neither does it appear that there was an intention to relinquish an existing right.   27 R. C. L. 908.

[3] An estoppel also presupposes liability, and that the party relying upon it has been misled into such action that he will suffer injury, if the estoppel is not declared.   10 R. C. L. 697.   The case of Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693, relied upon by plaintiff in error, is not in point.   The doctrine of that case forbids a litigant to mislead his adversary by basing conduct upon one ground and then defending upon another.   Here the rights and obligations of the parties had already expired by limitation.   A mere erroneous opinion as to a liability which had long since ceased is not sufficient to revive or restore it.

We are of opinion that the demurrer should have been sustained, and the judgment is therefore affirmed.