## 35096. KIRKPATRICK *v.* CITY OF CONYERS.

GARDNER, P. J. 1. Thamon Kirkpatrick is the plaintiff in error here. We shall hereinafter refer to him as the defendant. We shall call the City of Conyers the plaintiff. The defendant was convicted in the Municipal Court of Conyers for the violation of an ordinance. The ordinance alleged to have been violated is attached to the bill of exceptions. The ordinance provides that it is unlawful to sell and/or distribute gas for household heating purposes without first paying a license fee of $50. It should be noted here that the ordinance reads, "selling and/or distributing gas," whereas counsel for all parties argue "selling and/or offer for sale gas." The defendant entered a plea of not guilty. Upon the trial before the Mayor of the City of Conyers, the defendant was adjudged guilty and a fine of $77.50 was imposed. The defendant in due course and form made application for certiorari to the Superior Court of Rockdale County. The judge of the superior court on the hearing of the certiorari passed a judgment overruling the petition for certiorari and affirming the judgment of the municipal court. To this judgment of the superior court the defendant brought his bill of exceptions here for review. The evidence reveals without dispute that the defendant was a truck driver for the Lithonia Gas Company, in the City of Lithonia, Georgia. In the main the evidence was undisputed that on regular routes he would drive the gas truck which he was operating to six or seven gas tanks owned by the consumers and would examine the tanks and determine the amount of gas in the tanks. If, in the opinion of the driver, the gas was getting low and such quantity in the consumer's tank would not be sufficient for the needs of the consumer until another gas truck of Lithonia Gas Company came, the driver would fill the tank. In 95% of the cases the bill for the gas would be forwarded to the Lithonia Gas Company. The consumer would be notified of the amount due for the gas that was put into the tank for the consumer, and the consumer would send a payment to the Lithonia Gas Company. In about 5% of the deliveries the consumer would pay cash to the truck driver for the amount of the gas delivered. The truck driver would, in turn, account to the Lithonia Gas Company, his employer, for the amount received in cash

for the gas. There were other gas companies having places of business within the corporate limits of the plaintiff, and those companies whose situs was thus within the city limits paid the license tax provided under the ordinance in question. The Lithonia Gas Company had a place of business in the City of Lithonia and likewise had paid a license tax for doing business of selling and delivering within the city limits of Lithonia. On May 18, 1953, the defendant was driving a gas truck of the Lithonia Gas Company and entered the city limits of the plaintiff. He drove to the residence of one Robert Lee, went to Lee's tank, examined the quantity of gas in the tank, and concluded that the tank should be supplied with gas. As the defendant was returning to his truck, Lee's wife told the defendant that they did not want any gas put in the tank. The defendant asked her how about putting in fifty gallons from the truck tank. The wife of Lee replied: "No, we don't need gas." The defendant then said: "Let me put it in for you," and Lee's wife replied: "No, we owe you for gas now and we don't need it. We are not using any." The defendant said: "I would like to put it in for you." The evidence further shows that Lee's wife related some misfortune which prevented them from paying for the gas. The defendant did not put any gas in Lee's tank. He then went to Mrs. Dennard's home and put gas in her gas tank. After the defendant delivered the gas from his truck to Mrs. Dennard's tank, the Chief of Police of Conyers requested that the defendant go by the city hall. The defendant did so, and he was given a "ticket" for the ordinance, to which reference is above made. The defendant was released on his own recognizance and requested to appear for trial at a later date, which he did. At the trial it developed without dispute that each one of the consumers in Conyers, Georgia, had made a previous arrangement and agreement whereby the Lithonia Gas Company would service the tanks as above· outlined. After the arrest of the defendant, the Lithonia Gas Company procured from each of its consumers within the city limits of the plaintiff a written agreement or statement to the effect that each of the consumers had made prior arrangements to have the Lithonia Gas Company service the tanks as above related. The reason given for procuring these written documents was stated to be that the Lithonia Gas Company wanted to make it plain and certain as to the arrangements between the Lithonia Gas Company and its consumers within the city limits of the plaintiff.

The relation between the citizens of the plaintiff and those of Lithonia are very cordial. The plaintiff contends that, under the above-related evidence, the defendant is guilty of violating the ordinance. On the other hand, the defendant contends with equal enthusiasm that he is not guilty and that neither he nor his employer, the Lithonia Gas Company, has violated the city ordinance or violated any law. While it is true that the Lithonia Gas Company is not before this court as having violated any criminal law, still its interests are so interwoven that it is impossible to discuss the case without mentioning the Lithonia Gas Company, as well as the defendant. The validity of the ordinance is not questioned, but the defendant contends that it is not applicable here because it contravenes a State statute. Code § 92-4105 reads: "Traveling salesmen, when exempt.—The authorities of any mu-

nicipal corporation shall not levy or collect any tax or license from a traveling salesman engaged in taking orders for the sale of goods where no delivery of goods is made at the time of taking such orders." (Ga. L. 1896, p. 36.) It is further contended that the defendant here is, under the statute, a traveling salesman who took prior orders and later delivered the gas under such prior orders. Under the evidence the situs of the Lithonia Gas Company is in Lithonia, Georgia, and not in the city limits of the plaintiff. In *Fruit Co.* v. *City of Dalton,* 184 *Ga.* 277, 280 (191 S. E. 130), the Supreme Court said: "It is argued by the defendant that the determining question is whether the sales are consummated in Rome, or in Dalton, the place of delivery; and the case of *McCullough* v. *Griffin,* 181 *Ga.* 832 (184 S. E. 599), is cited in support of this contention. We cannot agree with this view. Under the decisions in the *Kimmel* and *Hofmayer* cases, supra, *the mere place of delivery is immaterial.* The situs of the business is the controlling factor, and, in the case of this plaintiff, the situs is at Rome." (Italics ours.) We have quoted only an excerpt from the case. There are many other informative and illuminating decisions by the Supreme Court on the question now under consideration. See also *City of LaGrange* v. *Whitley,* 180 *Ga.* 805 (180 S. E. 823). Under the evidence it is true that the prior arrangements between the Lithonia Gas Company and the consumers were to test the quantity in the consumer's tank and replenish with gas as necessary to prevent the consumer from running out of fuel. The system used is that a general order was given, later to be carried out by the delivery truck. The amounts of gas used each time a tank was checked, and perhaps the price, might change, but all this was a matter of filling a prior order. Under the facts of this case and the decisions cited above, the city ordinance was not applicable to sustain a conviction of the defendant. The court erred in overruling the certiorari and affirming the conviction of the defendant.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED APRIL 29, 1954.

*Mitchell & Walters,* for plaintiff in error.
*Wm. T. Dean,* contra.