35396. SEGLER *v.* CITY COUNCIL OF AMERICUS.

Decided February 9, 1955.

482

*Arnold, Golden & Gregory, Fort & Fort,* for plaintiff in error. *H. B. Williams,* contra.

GARDNER, P. J.   Under the contract set out hereinabove, Tanner-Brice agreed to purchase, and Acme agreed to sell merchandise from an agreed list of articles at an agreed price, the exact articles not being specified except as "merchandise to be displayed" on Acme's rack, loaned to and placed in the store. This rack was serviced at regular intervals, and the "merchandise to be displayed" was replaced or changed according to indications from sales made during the interval as to which articles were moving and which were not.   The defendant was a truck driver for Acme, with instructions to make deliveries.   His truck was loaded from Acme's plant with a variety of merchandise, and from this he selected, from physical indications and consultation with and approval of the store manager, the articles to be left and the articles to be removed and taken back.   The defendant invoiced articles sold and returned, and the store manager approved the correctness of the same.   The defendant then delivered the invoice to the purchaser, Tanner-Brice, in Vidalia. Under the contract such invoices were due and payable within 10 days.   The invoices were all billed out from Acme Sales Company, Atlanta.

Error is assigned, in the application for certiorari, on the exclusion of testimony that all payments are made by Tanner-Brice Company directly to Acme Sales Company in Atlanta, and we think this testimony would also have been relevant to show the manner of sale, and would, if admitted, have been undisputed. The whole set-up as above outlined, in connection with the contract provision that Acme is to repurchase from retailer at cost all merchandise not sold by retailer, demands the conclusions that the sale was not a consignment sale, but was a requirements contract sale, title to the merchandise passing to Tanner-Brice immediately on delivery, with an option of repurchase, title to materials taken away reverting at the time of removal from

Tanner-Brice to Acme. *Newburger & Bro.* v. *Hoyt,* 86 *Ga.* 508 (12 S. E. 925).

This being so, this case is controlled by a recent decision in *Kirkpatrick* v. *City of Conyers,* 90 *Ga. App.* 74 (81 S. E. 2d 844). There a requirements contract for the sale of gas was involved. The evidence showed that Kirkpatrick was a truck driver for Lithonia Gas Company; that the company had a home office in Lithonia, Georgia; that it entered into prior agreements with certain persons in Conyers "to test the quantity in the consumer's tank and replenish with gas as necessary to prevent the consumer from running out of fuel." Title to the gas changed to the purchaser immediately upon delivery, as evidenced by the fact that in some cases cash was immediately paid for the amount placed in the tanks; in other cases the purchaser was billed from the home office. As to the contract, this court held as follows: "The system used is that a general order was given, later to be carried out by the delivery truck. The amounts of gas used each time a tank was checked, and perhaps the price, might change, but all this was a matter of filling a prior order."

In the case at bar, the system used was that a general order for "merchandise to be displayed" was given, later to be carried out by a delivery truck. The amount of the order and the price might change. The individual articles included in the order might change from delivery to delivery, but all were articles within an agreed list of merchandise, which was known to and contemplated by the parties entering into the agreement, just as there might have been different grades of gas involved in the *Kirkpatrick* case, all of which, however, would come within the contemplation of the parties to that agreement. In both cases there is a prior order for a certain type of merchandise, from a company whose location is elsewhere than in the plaintiff municipality. In both cases there is a delivery which, as to quantity, is unascertainable until the arrival of the delivery truck. In both cases title passes upon delivery. In both cases there are periodic deliveries carried out under the terms of the prior contract. It necessarily follows that, if the contract in the *Kirkpatrick* case constituted a prior order, the contract here does likewise. Accordingly, the transaction is not one of simultaneous order and delivery, and the ordinance requiring the licensing of wholesale

hardware dealers does not apply, since its application would contravene the express provisions of Code § 92-4105. The conviction of the defendant truck driver here is erroneous and should be and is reversed.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*