The Mayor, etc., of Savannah *vs.* Dehoney *et al.*

THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, plaintiff in error, *vs.* MARCUS A. DEHONEY *et al.*, defendants in error.

Where the owners or lessees of public stables were taxed by an ordinance of the city of Savannah, which also contained a provision that every person engaged in the business of transporting or carrying goods, wares, merchandise, passengers, or baggage for hire, by means of wagons, drays, trucks, carts, omnibuses or carriages of any description, or of letting carriages and other vehicles for hire, shall pay a tax according to the number and character of the vehicles employed in such business, specifying the tax, and the complainants having paid the first tax, prayed that the collection of the second might be enjoined, presenting to the chancellor several affidaavits showing that the latter business had, in the city of Savannah, always been incident to the former:

*Held*, that the chancellor did not abuse his discretion in granting the injunction.

Injuction.    Tax.    Before Judge TOMPKINS.    Chatham county.    At Chambers.    July 26, 1875.

Reported in the decision.

WILLIAM S. BASINGER, by JACKSON & CLARKE, for plaintiff in error.

RUFUS E. LESTER; MELDRIM & ADAMS, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, praying for an injunction to restrain it from the collection of a tax imposed by the sixth section of an ordinance of the city of Savannah, to assess and levy taxes to raise revenue for said city, which provides "that every person engaged in the business of transporting or carrying goods, wares, merchandise, passengers or baggage, for hire, by means of wagons, drays, trucks, carts, omnibusses, or carriages of any description, or of letting carriages and other vehicles for hire, shall pay a tax according to the number and character of the vehicles employed in such business," to-wit: specify-

ing the tax to be paid. By the same ordinance it is provided "that every owner or owners, lessee or lessees of a public stable shall pay a tax of $100 00." The question made by the complainants is, that being taxed $100 00 on their business as the owners and keepers of a public stable in the city, it is a part of their legitimate business and incident thereto, as the owners and keepers of a public stable, to engage in carrying passengers and baggage in omnibusses or carriages, for hire, without paying any additional tax besides the $100 00. On the hearing of the motion for an injunction, and after considering the bill, the defendant's answer, and the several affidavits read at the hearing, the presiding judge granted the injunction, whereupon the defendant excepted.

If it was a part of the legitimate business of the complainants, and incident thereto, as the owners and keepers of a public stable in the city, to engage in the carrying of passengers and baggage in omnibusses or carriages, for hire, then they were not liable to be twice taxed on *that business.* Whether the engaging in carrying passengers and baggage in omnibusses or carriages, for hire, was a part of the legitimate business, and incident thereto, of the complainants, as the owners and keepers of a public stable in the city, is a question of fact to be decided on the final hearing of the cause, under the evidence. The evidence before the judge, on the hearing of the motion for the injunction, was decidedly in favor of the complainants in relation to this point in the case.

It was insisted on the argument here that the injunction should not have been granted, because there was no equity in the complainants' bill, they having an adequate remedy at common law, by an affidavit of illegality. The defendant did not demur to the bill for want of equity, but filed its answer thereto, besides no execution.or distress warrant for the tax claimed had been levied on the property of the complainants. If such had been the case, we will not say that an affidavit of illegality would not have been the proper remedy. In *Vanover et al. vs. The Justices, etc.,* 27th *Georgia Reports,* 354, it was held that the act of 1804, prohibiting judicial interfer-

ence with the levy and collection of taxes imposed by that act, did not extend to corporation taxes. · In this case there are several complainants asserting the same right against the defendant, and one decision will prevent a multiplicity of suits. In view of the evidence before the presiding judge, as contained in the record, we will not control the exercise of his discretion in granting the injunction prayed for.

Let the judgment of the court below be affirmed.