## THE MAYOR ETC., OF GRIFFIN *vs.* POWELL.

An ordinance of the city of Griffin provided that "no person or persons shall keep a livery or sale stable, or let out horses or mules or other stock, carriages, buggies or other vehicles * * without first obtaining a license * * * provided, that nothing in this section shall be so construed as to allow any person to run a dray for hire." Another section provided that "no person shall run a dray, cart or other carriage in the city of Griffin for the purpose of hauling for the public, goods, produce, wares or merchandise of any description" without a license:

*Held*, that one who had taken a license as the keeper of a livery stable might hire out a two-horse wagon by the day for the purpose of hauling lumber without obtaining a license to run a dray.

License. Laws. Municipal corporations. Before Judge BUCHANAN. Spalding Superior Court. August Term, 1879.

Reported in the decision.

HUNT & JOHNSON, for plaintiff in error.

STEWART & HALL, for defendant.

WARNER, Chief Justice.

It appears from the record that W. H. Powell was cited to appear before the mayor and council of Griffin, on the 24th day of September, 1878, to show cause why he should not be dealt with for running a dray without license, in said city, on the 17th day of September, 1876, and other times in that year.

On the hearing of said cause, R. F. Stephenson testified before council, that in the month of April last and several times since, he had hired from Powell a two-horse wagon to haul lumber from the depot in said city to witness' place of business; that he paid Powell at the rate of four dollars per day for said wagon, mules and driver; that it was not a dray but a two-horse wagon; that the mules were kept in the livery stable of Powell, and the wagon also; that the wagon was not hired to haul by the load, but by the day. Powell is a livery stable keeper. Stephenson also testified that Powell knew that he, Stephenson, hired said wagon to transport lumber in the city.

The ordinance of the city of Griffin read as follows:

"Be it enacted that no person or persons shall keep a livery or sale stable, or let out for hire, horses or mules or other stock, carriages, buggies or other vehicles, within the corporate limits of the city of Griffin, without first having obtained a license from the clerk and treasurer of the city of Griffin, for which he shall pay the sum of forty dollars.

"*Provided*, that nothing in this section shall be construed as to allow any person to run a dray for hire."

Section 4th of said ordinance read as follows:

"Be it further enacted that no person shall run a dray, cart or other carriage in the city of Griffin for the purpose of hauling for the public, goods, produce, wares or merchandise of any description, whatever, without first having obtained a license therefor, for which he shall pay the sum of twenty-five dollars for a one-horse dray, and fifty dollars for a two-horse dray or carriage.

"*Provided*, that this section shall not be so construed as to allow any person taking out this license to transport persons to and from, and about the city for hire, and provided further, that this section shall be

so construed as to not allow any person or persons who hire a dray temporarily for the purpose of hauling for themselves or others, to use the same without license."

Section 15, imposes a fine in double the amount of the license for a violation of the above ordinance.

After hearing the above evidence and argument of counsel, an order was passed by the mayor and council of the city of Griffin, that it appearing that defendant had violated the said ordinance, an execution should issue against said Powell for the sum of one hundred dollars, same being double the amount of the license for running a dray.

Powell sued out a *certiorari* and on hearing the same (the above facts being the case made), the court sustained the *certiorari*, and reversed the decision of the mayor and council, whereupon the defendant excepted.

It was admitted that Powell had a regular license from the city as a sale and livery stable keeper for that year, and the question is whether, under the statement of facts disclosed in the record, he was liable to the penalty imposed on him by the city council for running a dray ? Powell, under his license as the keeper of a " livery or sale stable," had the right, under the ordinance of the city, to let out for hire, horses, mules or other stock, carriages, buggies or other vehicles, except a dray, for hire. The word vehicles would certainly include wagons and possibly drays also, but for the proviso to the city ordinance. The proviso in the ordinance used the word " dray " in its common and popular sense, as contra-distinguished from a wagon in its common and popular sense—and should be so construed. Therefore, as Powell did not run a dray for hire, as contemplated in the proviso to the ordinance, there was no error in sustaining the *certiorari*.

Let the judgment of the court below be affirmed.