## ALEXANDER *v.* THE STATE.

1. A dealer in bicycles, who sold the same on his own account and not as agent, was liable to pay to the State a tax of one hundred dollars for the year 1899, if he sold any bicycles the manufacturers of which had not paid such a tax for that year; but after paying the tax of one hundred dollars for the year mentioned, such dealer had the right during its continu-

ance to sell bicycles of as many different "makes" as he chose without-paying any additional tax for that year. The mere fact that his license-from the comptroller-general or his registration as a dealer in bicycles-purported to limit his authority to sell to "makes" of a particular kind. did not render it unlawful for him to sell other "makes."

2. The charge excepted to being in direct conflict with the views above ex-pressed, and it manifestly appearing that the verdict against the plaintiff in error was necessarily controlled thereby, the judgment must be reversed.-

Submitted February 5, — Decided February 26, 1900.

Accusation of misdemeanor. Before Judge Calhoun.-Criminal court of Atlanta. November term, 1899.

*Hamilton Douglas* and *D. S. Craig*, for plaintiff in error.
*James F. O'Neill, solicitor,* contra.

Cobb, J. Alexander was arraigned in the criminal court of Atlanta, upon an accusation, the following being a copy of the material portion of the same: "The said W. D. Alexander, in said county of Fulton, on the 11th day of July, 1899, did, be-ing then and there a dealer in bicycles manufactured by the Milwaukee Engineering Company, and said Milwaukee En-gineering Company not having paid to the comptroller-general of said State the tax of one hundred dollars for the fiscal year, did, before doing business as such dealer in said bicycles man-ufactured by said Milwaukee Engineering Company, fail to register his name with the ordinary of said county, and exhibit to said ordinary his license from the comptroller-general of said State, contrary to law." Having been convicted, the ac-cused excepted, assigning as error the rendition of the verdict and judgment against him, and certain charges of the court.

1. The accusation was framed under section 11 of the gen-eral tax act of 1898 (Acts 1898, p. 33), which is in the follow-ing language: "Every bicycle manufacturer selling or dealing in bicycles, by itself or its agents, in the State, and all whole-sale and retail dealers in bicycles selling same manufactured by companies that have not paid the tax required herein, shall pay one hundred dollars for the fiscal year, or fractional part thereof, to be paid to the comptroller-general at the time of commence-ment of business. Before doing business under this act, all bicycle manufacturers, their agents, and all dealers shall be-

required to register their names with the ordinaries of those counties in which they intend to operate, and exhibit to said ordinaries their license from the comptroller-general. All unsold bicycles belonging to bicycle companies, dealers, or their agents, or others, shall be liable to seizure and sale for payment of such fees, license, and tax. Any person who shall violate the provisions of this section shall be liable to indictment for a misdemeanor, and on conviction shall be punished as prescribed in section 1039 of Volume III of the Code of 1895. None of the provisions of this section shall apply to . . merchants buying and selling bicycles upon which a license tax has been paid as herein provided, and who keep the said bicycles and sell and deliver them at their place of business, such sales not being on commission; provided further, that manufacturers, dealers, and agents having paid the taxes herein required shall be exempted from any county or corporation license tax for selling bicycles." The evidence discloses that the accused procured from the comptroller-general, upon payment of $100, a license authorizing him "to sell or deal in the Alexander Special and Kennesaw bicycles" for the year 1899. The bookkeeper for the comptroller-general testified that he issued the license above referred to, and that he would, either at the time the same was issued or since, have inserted therein without the payment of any additional sums the names of any other bicycles which the accused might have requested. There was also evidence that in July, 1899, the accused sold a bicycle called the "Famous," manufactured by the Milwaukee Engineering Company. It was admitted by the accused that he had not registered his name with the ordinary as a dealer in this bicycle, but there was no evidence that he had not registered as a dealer in bicycles generally under the provisions of the act above quoted. The accused made a statement in which he asserted that he was a wholesale and retail dealer in and manufacturer of bicycles in Fulton county during the year 1899.

The accusation above quoted charges the accused with violating that portion of the section of the tax act above quoted which required him to register his name with the ordinary and exhibit his license. There is no evidence that he had not reg-

istered as a dealer generally, and exhibited the license which he had received from the comptroller-general; and the question, therefore, to be determined is whether or not it was necessary that he should have procured a license to sell the "Famous" bicycle and should have registered as a dealer in that bicycle and exhibited such license to the ordinary. We have reached the conclusion that it was not. The section of the tax act-above quoted imposes a tax of $100 upon two classes of persons, viz., bicycle manufacturers who sell or deal in bicycles, whether they do business by themselves or by agents, and wholesale and retail dealers in bicycles the manufacturers of which have not paid the tax of $100. To the latter of these two classes the plaintiff in error, so far as the transaction involved in the present discussion is concerned, belongs. We think a proper construction of this law authorizes members of the class last referred to to sell as many different "makes" of bicycles as they see proper, after paying a license of $100 and complying with the further requirements of the law as to registering, etc. The act contemplates that the manufacturer may pay a tax of $100 and sell his bicycles through as many different agents as he chooses. The manufacturers of a particular make of bicycles may have an agency in every large town in the State, and yet each one of these agents, if charged with selling that kind of bicycle without a license, could defend by showing that the manufacturer had paid to the comptroller-general $100, procured a license, and registered, etc., as required by the act. And so a dealer in both that and other makes could defend by showing that each manufacturer had paid $100 tax. But if the manufacturer fails to pay the tax, then the dealer must pay it; but after paying $100 he can sell as many different makes of bicycles as he chooses. The State requires of every dealer selling bicycles made by unlicensed manufacturers a tax of $100, and is not concerned with the number of makes of bicycles sold by such dealer. Under this view the law works no unjust discrimination upon either class with which it purports to deal. The manufacturer can pay one tax and establish as many agencies as he chooses for the sale of such makes of bicycles as he manufactures; the dealer can pay one tax and sell as many different makes of bi-

cycles as he pleases. The mere fact that the, license issued to the accused purported to limit his authority to sell to certain makes of bicycles, not mentioning the one which the evidence in this case shows he sold, did not of itself render it unlawful for him to make such sale. The license should have been issued to sell bicycles without reference to name or make, and the insertion in the license of the names of two particular makes of bicycles was unauthorized and will be treated as surplusage.

2. Complaint is made, in the bill of exceptions, that the court erred in charging the jury as follows: "I charge you that a license to a dealer to sell certain bicycles, the names of which appear therein, will not authorize such dealer to sell any other makes or names of bicycles." Under the ruling made above, this charge was error, and as it manifestly controlled the verdict of the jury, the judgment of the court must be reversed and a new trial ordered.

*Judgment reversed. All the Justices concurring.*