## CAMPBELL *v.* CITY OF JEFFERSON.

</div>

This case is held to be within the general rule that a court of equity will not, by injunction, restrain a prosecution for violating a municipal penal ordinance, or inquire into its validity.

<div align="center">No. 1245. April 18, 1919.</div>

Petition for injunction. Before Judge Cobb. Jackson superior court. July 8, 1918.

*Ray & Ray,* for plaintiff. *S. J. Nix,* for defendant.

Fish, C. J. The City of Jefferson has an ordinance to the effect that "it shall be unlawful for any person to operate an automobile within the City of Jefferson with the cut-out open, that is, when the exhaust from the engine is not through the muffler," prescribing a penalty on conviction of its violation. E. A. Campbell, who conducts a licensed garage business in the city, was charged several times with violating the ordinance, and was tried,

convicted, and fined by the mayor on one of the charges. He appealed to the council, which affirmed the mayor's decision; and thereupon he took the case by certiorari to the superior court, wherein it is now pending. Several other similar charges were preferred against him. He then sought to have the mayor and council and the police officers of the city enjoined from prosecuting the charges, alleging in his petition substantially that he had not violated the ordinance, for that while he had operated an automobile in the city in connection with his garage, such machine had "no cut-out or muffler on it," and "that the exhaust from the motor, not passing through a muffler, would not disturb the public peace and good order of the community;" and "that if the authorities of the city . . can arrest, try, and find [him] for operating said automobile it will force him not to use said automobile, and this will materially injure and damage his business and deprive him from the revenue of his property," and take it without due process of law, and that the continuous making of similar cases against him without authority of law will injure not only his business but also his reputation as an honest, upright, and law-abiding citizen, and that it is an illegal and malicious use of legal process. He alleged that the ordinance was invalid, because it refers to more than one subject-matter, and contains matter different from that, expressed in the title thereof. "Petitioner charges that he has no complete remedy at common law whereby he can protect his civil rights and his property, and prays that the court take equitable jurisdiction of the cause." In its answer the city, among other things, contended in substance that to operate an automobile which had no "cut-out" or muffler attached was obviously in violation of the ordinance which in effect defines the operation of an automobile "with the cut-out open" as operating it "when the exhaust from the engine is not through the muffler."

An interlocutory injunction was properly refused, as the case is manifestly controlled by the well-settled general rule, that a court of equity will not restrain, by injunction, a prosecution for violation of a penal ordinance; nor will it, in such a case, inquire into the validity of the ordinance.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the judgment of affirmance, on the

ground that the judge was authorized to hold that the ordinance was valid and was being properly enforced; but dissents from the view that the case was not one in which equity would entertain jurisdiction to inquire into the validity of the ordinance.