CITY OF ALBANY *v.* NEWARK SHOE STORES COMPANY *et al.*

GILBERT, J.  1. The Newark Shoe Stores Company . conducted a retail shoe business in a storehouse in the City of Albany. It had paid all taxes due by it to the city for conducting that business. The corporation employed a salesman and manager to work both at its storehouse and also at intervals to go out into said city from house to house, exhibit samples of shoes, and solicit customers to visit the store and buy shoes the samples of which he had displayed.  *Held*:

(*a*) Such solicitation of trade did not constitute  a business separate and distinct from that of selling merchandise, but was merely an instrumentality in or an incident to that business, being in its nature incapable of such separate existence as to constitute in itself a business in either the legal or commercial sense.

(*b*) The authority under the municipal charter to levy and collect a specific or occupation tax on all businesses, occupations, professions, callings, or trades, did not authorize the adoption of an ordinance separating from the business of selling merchandise the incident of calling from house to house and soliciting trade as above described, for the purpose of increasing sales, and classifying such solicitation as a separate business subject to taxation. *Hewin* v. *Atlanta*, 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296), and authorities cited.

2. Applying the principles ruled in the preceding headnote, the court did not err in granting an injunction restraining the collection of a tax of $200 on the petitioners for such solicitations as above described, the city having caused the arrest of the employee on penal charge of violating the city ordinance, and threatening to rearrest him for each act of so soliciting trade, and also to proceed by the issuance of an execution against the Shoe Stores Company for the amount of the tax. *Baldwin* v. *Atlanta*, 147 *Ga.* 28 (92 S. E. 630).

*Judgment affirmed. All the Justices concur, except Fish, C. J., dissenting.*

FISH, C. J. I dissent as to the ruling enjoining the prosecution of the penal ordinance, on the ground that the facts of this case do not bring it within the exception to the general rule that a court of equity will not enjoin prosecutions for criminal offenses, which rule applies both to violations of the criminal laws of the State and to quasi-criminal prosecutions under municipal ordinances. See cases cited in the first headnote of *Baldwin* v. *City of Atlanta*, 147 *Ga.* 28 (92 S. E. 630); *Campbell* v. *City of Jefferson*, 149 *Ga.* 70 (99 S. E. 124); *Volunteers of America* v. *City of Atlanta*, 152 *Ga.* 461 (110 S. E. 282).
. No. 2696. JANUARY 13, 1922.

Injunction. Before Judge R. C. Bell. Dougherty superior court. May 30, 1921.

*James Tift Mann,* for plaintiff in error.
*Pottle & Hofmayer,* contra.