DERST BAKING COMPANY *et al. v.* MAYOR AND
ALDERMEN OF THE CITY OF SAVANNAH.

HUTCHESON, J. By virtue of its general charter power to tax businesses therein, and by virtue of the act of 1915 amending its charter (Acts 1915, p. 826), which provides that the City of Savannah shall have full power and authority to regulate the use of its streets "for business purposes, and no person, firm, or corporation shall have the right to use the streets of said City of Savannah for business purposes without first having obtained the consent and license of the Mayor and Aldermen of the City of Savannah," the council of said city, on December 27, 1933, enacted its general business license and tax ordinance for the ensuing year of 1934, section 12 thereof providing: "For the purpose of imposing a tax and raising revenues for the use of the streets of the City of Savannah for business purposes, persons, firms, and corporations engaged in the City of Savannah are hereby classified—as those who operate business without the use or employment of vehicles, motor or horse-drawn, upon the streets of said city in connection with their principal business, and those who operate business with the use and employment of vehicles, motor or horse-drawn, upon the streets of Savannah, in con-

nection with their principal business. Those persons, firms, or corporations engaged in business without the use or employment of any of said vehicles in connection with their principal business shall pay the specific tax provided for each specific kind of business required in this ordinance. Those persons, firms, or corporations engaged in business in said city and who use and employ vehicles, motor or horse-drawn, upon the streets of Savannah in connection with their principal business, either for the purpose of delivering goods, products, or merchandise sold, created, or manufactured by them, or for any other purpose, shall pay in addition to the specific tax required of them for their principal business and as a part thereof, as well as for the use of the streets of the City of Savannah for business purposes, a graduated tax according to volume of business," the amount of such tax being based upon the number, size and weight of vehicles used. For instance, upon each person using or employing a one-horse cart or wagon, $8 for each, and upon each person employing one one-ton motor truck $10; and so on in different amounts according to the size and weight of the vehicle employed. *Held:*

1. The City of Savannah has authority and power to license and tax businesses within the corporate limits thereof. It has power and authority to regulate the use of its streets for business purposes, including the right to impose a license upon those using its streets for business purposes. *Savannah, Thunderbolt &c. Railway* v. *Savannah,* 112 *Ga.* 164 (37 S. E. 393). The city in regulating the use of its streets for business purposes can impose a reasonable tax if it sees fit, or can entirely prohibit the use of its streets for business purposes in a proper case. See *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861). This is true whether the business be principally conducted upon such streets, as for instance the business of transfermen or moving companies, or whether the use of the streets be only incidental but essential to the business, as for instance delivery service to patrons by mercantile establishments.

2. Section 12 of the foregoing ordinance imposing a tax upon the use of the streets for business purposes does not violate section 19 of the motor-vehicle law of 1927, providing that "no additional license fee shall be charged by any municipality" for the operation of a motor vehicle in this State (Ga. L. 1927, pp. 226, 240). This ordinance places no license or tax upon motor vehicles or the operation thereof. The cases of *Mayor &c. of Savannah* v. *Ellington Co.,* 177 *Ga.* 149 (170 S. E. 38), *City of Waycross* v. *Bell,* 169 *Ga.* 57 (149 S. E. 641), and *City of Albany* v. *Ader,* 176 *Ga.* 391 (168 S. E. 1), are not authority for holding that the ordinance herein dealt with conflicts with the above provisions of the State-law. The municipal license under consideration in this case is strictly a business or privilege tax, and not a tax upon the vehicles specified in the ordinance or their operation.

3. In imposing a general license tax upon all businesses within its corporate limits, the City of Savannah may classify the kinds of business into reasonable and lawful classes, and the city may further classify such businesses into whether they are conducted upon its streets or not. Such a tax is not unreasonable, and the ordinance is not void because it imposes upon a person, firm, or corporation engaged in business in such city, in addition to the regular business license tax which is im-

posed by the city for the right to carry on business generally within the limits of the city, a license tax before any person, firm, or corporation can carry on business upon the streets of such city by the operation thereon of motor or horse-drawn vehicles, although this will necessitate many persons, firms, and corporations paying the regular general business license tax having to pay also a license tax for the purpose of carrying on any business upon the streets of the city by motor or horse-drawn vehicles. *Lewis* v. *Savannah*, 151 *Ga.* 489 (107 S. E. 588); *Sawtell* v. *Atlanta*, 138 *Ga.* 687 (75 S. E. 982); *Davis* v. *Macon*, 64 *Ga.* 128 (37 Am. R. 60); *Macon Sash &c. Co.* v. *Macon*, 96 *Ga.* 23 (23 S. E. 120). Nor does the imposition of such a license constitute a double taxation upon the business of one employing automobile trucks for delivery purposes. *Sawtell* v. *Atlanta*, supra.

4. While a city may properly classify businesses for the purposes of taxation, "where a municipality is simply given the power to impose a license tax upon a business, it can not divide such business into its constituent elements, parts, or incidents, and levy a separate tax on each and every element, part, or incident thereof." *Southern Express Co.* v. *Rose Co.*, 124 *Ga.* 581, 592 (53 S. E. 185, 5 L. R. A. (N. S.) 619); *Hewin* v. *Atlanta*, 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296); *Mayor &c. of Savannah* v. *Dehoney*, 55 *Ga.* 33.

(*a*) Section 12 of the general tax ordinance of the City of Savannah for the year 1934 does not seek to impose the license therein provided upon the separate parts, elements, or incidents of the businesses of the persons, firms, and corporations coming within its operation. Without violating the above principle, the City of Savannah may license the use of its streets for business purposes. *Sawtell* v. *Atlanta*, and *Macon Sash &c. Co.* v. *Macon*, supra.

(*b*) The license tax in this case is not upon the delivery by motor trucks by any of the plaintiffs of their products, or upon the sale by any of the plaintiffs of any of their products from vehicles, or upon the necessary operation of vehicles as a part of the business, a license tax for which has already been imposed; but the license tax in this case is distinctly and separately a privilege or business tax imposed by the city under its charter authority for the use of its streets to carry on business. The ordinance specifically provides that it is "for the purpose of imposing a tax and raising revenue for the use of the streets of the City of Savannah for business purposes." This case is therefore unlike *City of Albany* v. *Newark Shoe Stores Co.*, 152 *Ga.* 557 (110 S. E. 283); *Wofford Oil Co.* v. *Boston*, 170 *Ga.* 624 (154 S. E. 145); *City of Colquitt* v. *Jeffords Oil Co.*, 170 *Ga.* 605 (154 S. E. 140).

5. The fact that the City of Savannah, in requiring a license tax of those conducting their business upon its streets, graduates the same upon the number and size of vehicles used, does not render the tax void. It is strictly a privilege tax upon the use of the streets of the city for business purposes, graduated in amount according to the amount or volume of business done, which is reasonably based in order to arrive at the amount and volume of such business upon the number and size of vehicles used by each business upon the streets. Two large and heavy moving motor vans of the modern type or two heavy two-horse drays

will wear and damage the streets of the city more than a one-ton light type of automobile truck or a one-horse dray; and the former will congest the traffic of such streets more than the latter. *Goodwin* v. *Savannah,* 53 *Ga.* 410, 416; *Johnston* v. *Macon,* 62 *Ga.* 645; *Sawtell* v. *Atlanta,* supra; *Davis* v. *Macon,* supra.

6. Section 12 of the above ordinance is not violative of par. 3 of sec. 1 of art. 1 of the constitution of Georgia, which provides that "No person shall be deprived of life, liberty, or property, except by due process of law," nor of the due-process and equal-protection provisions of the 14th amendment to the constitution of the United States. Civil Code (1910), §§ 6359, 6700.

7. The fact that the plaintiffs paid the specific business license tax required of them by the City of Savannah for the general operation of their particular kind of business therein for the year 1934 did not exempt them from paying a tax for any business they might operate upon the streets of the city, whether in connection with their general business or not. Nor would the payment of the motor-vehicle license or tag fee required by the State of Georgia exempt them from the business tax imposed by the City of Savannah for the use of its streets by persons, firms, or corporations.

8. The judge did not err in refusing an injunction, the effect of such judgment being that the plaintiffs and each of them were subject, under the facts of this case, to the payment of the privilege or business tax imposed by the City of Savannah for the use of its streets for business purposes.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

GILBERT, Justice. I concur specially on the ground that the petition does not allege any levy on the property of the petitioners, or other property interference. Certainly it was not error to refuse to enjoin criminal prosecutions. *Candler Inc.* v. *Atlanta,* 178 *Ga.* 661 (174 S. E. 129).

No. 10414. APRIL 10, 1935.

514

*Hitch, Denmark & Lovell, Kennedy & McWhorter,* and *R. W. McDuffie,* for plaintiffs.

*Shelby Myrick* and *J. C. Hester,* for defendant.