SOLOMONS *et al. v.* MAYOR AND ALDERMEN OF THE
CITY OF SAVANNAH *et al.*

No. 11473. DECEMBER 4, 1936..

*Kennedy & McWhorter,* for plaintiffs.

*Shelby Myrick* and *J. C. Hester,* for defendant.

ATKINSON, Justice. The plaintiffs are W. E. Solomons, trading as Solomons Transfer Company, Benton Brothers Drayage and Storage Company, a corporation, Fedderwitz Trucking Company, a partnership composed of D. B. Fedderwitz and H. I. Fedderwitz, Savannah Transfer Company, a corporation, L. O. Givens, trading as Givens Transfer Company, F. J. Rozier, trading as Rozier's Dray Line, and D. L. Oliver, trading as Oliver Transfer Company. They allege that they are taxpayers, each conducting in the City of Savannah a business of transferring property and merchandise on the streets of that city by the use of one or more vehicles; that on December 26, 1935, the Mayor and Aldermen of the City of Savannah passed "an ordinance to assess and levy taxes and raise revenue," one of the provisions of which is: "Transfer business. Persons or corporations doing a transfer business, $100.00; provided however, that the tax shall be $50.00 if only one truck or dray is used in said business." Another is: "Warehouses or storage, operated in connection with a transfer business, fifty ($50.00) dollars; a separate license being required for transfer business." The petitioners paid said transfer-business tax, and several of them (naming) also were operating a warehouse or storage business, and paid said warehouse or storage tax to carry on said business in Savannah. On the same date the city authorities enacted another ordinance imposing a tax upon persons for the use of the streets for business purposes. Section 12 of this ordinance makes two classifications of the persons subject to this tax— (1) those who operate business without the use of vehicles on the streets, in connection with their principal business, and (2) those who oper-

ate business with the use of vehicles in connection with their principal business; and it provides that the first group "shall pay the specific tax provided for each kind of business required in this ordinance," and that the second group "shall pay, in addition to specific tax required of them for their principal business and as a part thereof, as well as for the use of the streets of the City of Savannah for business purposes, a graduated tax according to volume of business, as follows: [amount specified for each vehicle used, according to specified type], and the tax to be paid by any person using or employing more than one vehicle . . shall be according to the number of vehicles used, . . at the rates above specified." Section 13 of this ordinance levies a tax, for doing business on the streets, upon carriers for hire, whether in connection with their businesses by means of vehicle or by letting vehicles for hire, "according to the number and character of vehicles employed in such business, viz.: [amount specified for each vehicle used, according to specified type], and the tax paid by any person employing more than one vehicle of the same or different kinds shall be according to the number of vehicles employed at the rates above specified." The petitioners attack sections 12 and 13 as violative of the constitution of the State, art. 7, sec. 2, par. 1 (Code, § 2-5001), providing for uniformity of taxation upon the same class of subjects, etc., and as violative of the due-process clauses of the State constitution, art. 1, sec. 1, par. 3 (Code, § 2-103), and the constitution of the United States, amend. 14, sec. 1 (Code, § 1-815), in (1) that they attempt to divide the transfer business into its constituent elements and to levy a separate tax on each element thereof, (2) that they place a tax upon an element or part of a business already taxed, and (3) that they amount to double taxation. The petitioners further allege that the marshal of the City of Savannah has levied on one of the trucks of each of the petitioners, and that he is threatening to sell it to pay said license tax, unless the tax be paid; that they have no adequate remedy at law; and that if the defendants be allowed to enforce the invalid sections, the petitioners will suffer irreparable loss and be prevented from carrying on the transfer business. They pray that the defendants be restrained from interfering with the petitioners' businesses by attempting or threatening to enforce sections 12 and 13 of the ordinance, by stopping their

trucks or wagons or selling the said truck levied on; and for permanent injunction and general relief. The court sustained a general demurrer, and the petitioners excepted.

1. Section 12 of the ordinance in question was held valid in *Derst Baking Co.* v. *Savannah,* 180 *Ga.* 510 (179 S. E. 763), as against the attacks made therein. The attacks made in that case were: (a) that it violated "section 19 of the motor-vehicle law of 1927;" (b) that the classification was arbitrary and illegal; (c) that it was violative of the due-process clauses of the State and Federal constitutions; (d) that petitioners "paid specific business license tax required by the City of Savannah for the general operation of their particular kind of business" for the year 1934. The rulings as stated above are controlling in so far as the same questions are raised in this case. See also *Sawtell* v. *Atlanta,* 138 *Ga.* 687 (75 S. E. 982). What has been, and is now, ruled with regard to section 12 is equally applicable to section 13 of the same ordinance.

2. "A tax upon a business or occupation is not a tax upon property, within the ad valorem and uniformity clause of the above provision of the constitution." "Under the above provision of the constitution [Code, § 2-5001], the legislature is authorized to make classifications and subdivisions of classifications for the purpose of levying business or occupation taxes, and, in doing so, can make any classification or subdivision which is reasonable and not arbitrary." *Wright* v. *Hirsch,* 155 *Ga.* 229, 234 (116 S. E. 795), and cit.

3. "A tax on the business of drayage, scaled according to the number of drays employed and according to the capacity of the drays, whether one or two horse, is uniform, and whether the drays be employed in general business or be confined to the business of their owners and their customers in and about transporting goods to and from their stores, the legality of the tax is not affected. The wear and tear upon streets and bridges is as great in the one as in the other case, and the consequent expense to the city of this business is equal." *Johnston* v. *Macon,* 62 *Ga.* 645 (3), 646.

4. "The constitutionality and legality of an occupation tax is to be judged by its effect upon dealers generally, and is not to be construed as unreasonable because it is prohibitive upon certain

financially weak persons. Only those laws imposing occupation taxes the general operation of which is confiscatory and oppressive are to be declared unconstitutional." *Wright* v. *Hirsch,* supra.

5. The decision in *City of Douglas* v. *South Georgia Grocery Co.,* 180 *Ga.* 519 (179 S. E. 768), dealt with a different classification for tax purposes, which was held illegal. In that case *Derst Baking Co.* v. *Savannah,* supra, was differentiated, the court saying, of the ordinance upheld in the *Derst* case, that it "did not attempt . . to divide a business and tax separately the constituent elements or parts thereof."

6. *Hewin* v. *Atlanta,* 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296), *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (154 S. E. 145), and other cases dealing with similar facts, do not conflict with the ruling here made. Those decisions dealt with municipal ordinances which attempted to make unreasonable and arbitrary classifications by dividing up a business for the purpose of taxing a part or parts of the business. In this case the classification is according to volume of business done, and the number of delivery vehicles used, or the total absence of deliveries, are prescribed as a means of determining what would be a reasonable classification.

7. This court entertains jurisdiction because of the prayer for injunction, and not because the case involves questions of the constitutionality of municipal ordinances. The latter would not afford jurisdiction. *Maner* v. *Dykes,* 183 *Ga.* 118 (187 S. E. 699). The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*