## 25856. TINLEY *v.* CITY COUNCIL OF AUGUSTA.

DECIDED JANUARY 12, 1937.

*Sam F. Garlington,* for plaintiff in error.　*C. W. Killebrew,* contra.

MacIntyre, J. J. C. Tinley was convicted, in the recorder's court of the City of Augusta, of the offense of failing to pay the license fee of $50 which an ordinance of that city requires to be paid by "dealers in optical supplies, including lenses, spectacles, eyeglasses, and general optical merchandise." The judge of the superior court affirmed the judgment of the recorder, and the exception is to that judgment. It appears from the answer of the recorder to the writ of certiorari that the case was submitted on the following agreed statement of facts: "The defendant is a duly-licensed optometrist, and practicing such profession in the City of Augusta, Georgia. He carries a stock of optical supplies such as he uses in his profession. He is not selling these supplies at all except such as he uses in his profession as optometrist. He furnishes rims and lenses and he furnishes all necessary to fill prescriptions." The defendant contends that he is exempt from procuring the license from the City of Augusta, by reason of the following provision in the general tax act of 1935 (Ga. L. 1935, p. 11, paragraph 3): "Upon each and every practitioner of law, medicine, osteopathy, chiropractic, chiropodist, dentistry, optometrist, masseur, public accountant, or embalmer, and upon every civil, mechanical, hydraulic, or electrical engineer, or architect, charging for their services as such, $15, and the validity of their license is made contingent upon the payment of the tax herein provided. And no municipal corporation or county authority shall levy or collect an additional tax on the professions, businesses, or occupations enumerated above. Such tax to be collected as other license or occupation taxes are now collected." "'Optometry' or the practice thereof is the employment of any means, other than the use of drugs, for the measurement of the powers of vision and the

adaptation of lenses for the aid of same." Code, § 84-1101 (Ga. L. 1916, p. 83). It is stated in 37 C. J. 209, § 62, that "when a license tax to do a general business has been exacted, another license tax can not be imposed for the doing of a particular act or series of acts constituting an integral part of such business;" the following cases being cited to support the text: *City of Albany* v. *Newark Shoe Stores,* 152 *Ga.* 557 (110 S. E. 283); *Weaver* v. *State,* 89 *Ga.* 639 (15 S. E. 840); *Griffin* v. *Powell,* 64 *Ga.* 625; *Mayor &c. of Savannah* v. *Dehoney,* 55 *Ga.* 33. "A license to exercise a certain privilege or pursue a given occupation or business must be strictly confined thereto and does not confer the right to exercise or pursue another distinctly different privilege, occupation, or business [*Odell* v. *Atlanta,* 97 *Ga.* 670, 25 S. E. 173]; for such other privilege or occupation a separate license may be required to be taken out. All acts, however, which are merely incidental to, and properly connected with, the licensed privilege or occupation may be performed under the license." 37 C. J. 244, § 104, citing *Alexander* v. *State,* 109 *Ga.* 805 (35 S. E. 271). We think a fair construction of the agreed statement of facts in this case is that Tinley kept and furnished optical supplies solely for the use of his own patients in connection with his work as an optometrist, and did not engage in the separate business of selling them to the public generally; that what he did was "merely incidental to, and properly connected with," his profession or business as an optometrist. We therefore hold that the court erred in dismissing the certiorari and affirming the judgment of the recorder's court.

*Judgment reversed. Guerry, J. concurs. Broyles, C. J. dissents.*