MAYOR &c. OF SAVANNAH *et al. v.* SAVANNAH ELECTRIC & POWER COMPANY.

No. 16668. June 15, 1949.

434

A. *Leopold Alexander*, for plaintiffs in error.
*Bouhan, Lawrence & Williams*, contra.

HAWKINS, Justice. (After stating the foregoing facts.)  We think that the correct answer to the question numbered (2) by counsel for the plaintiff in error "Does the tax apply, and was it intended to apply to the business of operating a street-railway system by the company," is determinative of this case, and that this question alone need be answered.

By reference to the pertinent provisions of the ordinance under consideration, it will be seen that subsection "B" of section 7 thereof, which is the section here under attack, provides: "Buses carrying ten passengers or more and operating either in the city

exclusively, or from points within the city to outside the city, one hundred dollars for each vehicle, and for every trailer, twenty-five dollars ($25)."

By reference to subsection "S" of section 7 of the ordinance, it appears that by the first paragraph thereof it is provided: "Street railroad companies, whether under control of another company or not *in lieu of the specific tax heretofore required*, shall pay to the City of Savannah, *for the privilege of doing business in the city*, and *for the use of the streets of the city*, at the rate of two hundred dollars ($200) per mile or fraction of a mile, eliminating all switches and double tracks and conforming the charge to one track on each street," etc. This subsection further provides: "Street Railway Buses. All persons, firms or corporations operating motor·buses or other motor vehicles in connection with the operation of street railway cars, using the streets of the City of Savannah and operated on regular routes and schedules, shall pay an annual street tax assessment of $200 per mile for each mile, or fraction thereof, of any streets or lanes of the City of Savannah over which such motor vehicles shall be operated." There is thus a specific and definite statement in subsection "S" that the mileage tax therein provided for covers the operation of both the street-railway system and the buses operated by the street-railway system in connection therewith, and that it is specifically provided that this shall be "in lieu of the specific tax heretofore required," and that this mileage tax is to cover both the general business license tax and also the license tax for the use of the streets by both the tracks and buses of the company in carrying on the business of the street-railway system.

It is conceded by counsel for both parties that the taxes here imposed are for the purpose of revenue rather than for a license charged under the police power. In *Mystyle Hosiery Shops* v. *Harrison*, 171 *Ga.* 430 (155 S. E. 765), this court held: "'Statutes which impose restrictions upon trade or common occupations, and which levy an excise or tax upon them, must be construed strictly'; 'statutes levying duties or taxes upon subjects or citizens are to be construed most strongly against the government and in favor of their subjects or citizens, and their provisions are not to be extended, by implication, beyond the clear import of the language used'; 'revenue laws are neither remedial statutes nor

laws founded upon any permanent public policy, and are not, therefore, to be liberally construed; and hence, whenever there is a just doubt, that doubt should absolve the taxpayer from his burden.' *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23; *Standard Oil Co.* v. *Swanson,* 121 *Ga.* 412, 414 (49 S. E. 262)." See also *Case-Fowler Lumber Co.* v. *Winslett,* 168 *Ga.* 808 (149 S. E. 211); *McIntyre* v. *Harrison,* 172 *Ga.* 65 (157 S. E. 499). In order to avoid the attack stated as question No. 1, that the ordinance here involved contravenes and is violative of the provisions of Code § 68-312, counsel for the plaintiff in error argue that subsection "B" of the ordinance was intended to impose a privilege or business tax to raise revenue for the use of the streets of the City of Savannah for business purposes, as was held with reference to the ordinance involved in *Derst Baking Co.* v. *Savannah,* 180 *Ga.* 510 (179 S. E. 763); but if we should so hold here, then we find that a tax for this identical purpose is provided for under subsection "S" of the ordinance, which applies specifically to street-railway companies; and if subsection "B" should be held to impose a general business license tax, then too subsection "S" specifically provides that the mileage tax therein specified is "for the privilege of doing business in the city." If subsection "B" of the ordinance should be held applicable to this company, there would thus be levied against this particular company a double tax, for subsection "S" of the ordinance covers both purposes.

In *Warren* v. *Suttles,* 190 *Ga.* 311, 314 (9 S. E. 2d, 172), it is said: "Courts should not permit the collection of a tax unless it is plain that it was the intention of the General Assembly to levy it. All doubt should be resolved in favor of the taxpayer."

In *Georgia R. &c. Co.* v. *Wright,* 125 *Ga.* 589 (3) (54 S. E. 52), it is held: "A tax law will not be so construed as to require the same property to be taxed a second time, unless such a construction is required by the express terms of the statute or by necessary implication."

In 50 American Jurisprudence 371, § 367, it is stated: "Where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only

such cases within its general language as are not within the provisions of the particular provision."

Applying these principles to the tax now sought to be collected, we find the total operations of the street-railway company specifically encompassed and taxed by the single subsection "S", which excludes by necessary implication subsection "B", where the terms of the latter do not expressly state that it is to apply to street-railway companies. In *Torrance* v. *McDougald, 12 Ga.* 526 (2), it is held: "The rule of construction applicable to all writings, Constitutions, statutes, contracts and charters, public or private, and even to ordinary conversations, is this: that general and unlimited terms are restrained and limited by particular recitals, when used in connection with them." See also *Ross* v. *Jones,* 151 *Ga.* 425, 428 (107 S. E. 160).

Applying the foregoing authorities to the tax ordinance here under consideration, a proper construction thereof requires the conclusion that subsection "B" does not apply, and was not intended to apply to the business of operating a street-railway system by the plaintiff company.

As pointed out in the statement of facts preceding this opinion, the plaintiff made several attacks on the license tax, the collection of which it seeks to enjoin, but we do not deem it necessary to deal with all of these questions, since, having held that for one of the reasons asserted subsection "B" of the ordinance in question does not apply to the plaintiff company, the statement of other reasons justifying our conclusions would be unnecessary. For the reason hereinbefore stated the trial court properly overruled the general motion to dismiss the petition.

*Judgment affirmed. All the Justices concur.*