## WEST LUMBER COMPANY *v.* CITY OF ATLANTA *et al.*

HAWKINS, Justice. West Lumber Company brought its petition against the City of Atlanta, and the Municipal Revenue Collector and Ex-Officio Marshal, alleging that a tax fi. fa. had been issued against West Lumber Company doing business as Associated Distributors, for a business license tax for the year ending June 30, 1951, as a dealer in hardware at wholesale, lumber merchant operating lumber yard in connection with other business, and dealer in paint, and had levied the same upon certain described property of the plaintiff; and prayed that the levy be declared illegal and void, that the defendants be restrained and enjoined from advertising for sale and from selling the property levied on, and that the fi. fa. be canceled. To this petition the defendants filed their answer, and the case was submitted to the trial judge without the intervention of a jury on an agreed stipulation of facts.

The ordinance under which the fi. fa. was issued provides: "All persons, firms or corporations doing business in the City of Atlanta shall be required to register each place of business maintained and pay for each of said places of business so maintained, a license tax in the amount required by their respective classification in the schedule of license. The payment of the license required under the classification of business as contained in the schedule of license shall authorize the conduct of one place of business only of such classification, and an additional license of the same amount shall be paid for each additional place of the same classification."

From the pleadings and stipulation of facts it appears that West Lumber Company is engaged in selling lumber, hardware, paint, and other articles at wholesale and retail, in the City of Atlanta, and had paid to the city all license taxes due for the year ending June 30, 1951; that Associated Distributors is a trade name duly registered as required by law, and used by West Lumber Company; that West Lumber Company owns a tract of approximately 25 acres of land in the City of Atlanta, on which is located its Atlanta plant, consisting of offices, storing sheds, etc.; that the entrance to its salesroom and office is 1491 Piedmont Avenue, and the truck entrance is at 280 Westminster Drive, N. E.; that the offices of West Lumber Company and Associated Distributors are both located at 1491 Piedmont Avenue, although in the Atlanta Telephone Directory the address of Associated Distributors is given as 280 Westminster Drive, N. E., which is, however, located on the same property as stated above; that Associated Distributors does not have any bank account, any separate books, or any separate employees for its bookkeeping, purchasing, plant, etc., but all of these matters, including banking, bookkeeping, warehousing, trucking, and checking are handled by West Lumber Company as part of its general operation; that invoices for merchandise purchased are billed to Associated Distributors and the mail is delivered to P. O. Box 65, Station C, Atlanta; that Associated Distributors has salesmen who travel the State of Georgia outside of the City of Atlanta, selling materials for Associated Distributors only, but that all of these materials can be bought in identical quantities from West Lumber Com-

pany; that Associated Distributors has no stock of goods or inventory, and owns no property; that West Lumber Company files State and Federal income-tax returns showing all income received by it from all sources including that of itself doing business as Associated Distributors; that all employees of West Lumber Company doing business as Associated Distributors are included in its Social Security and Unemployment Insurance Tax returns; that West Lumber Company, doing business as Associated Distributors, was engaged in the sale of hardware at wholesale, was operating a lumber yard in connection with other business which it conducted, and was dealing in paint, during the year ending June 30, 1951.

The trial judge found in favor of the defendants, and denied the injunctive relief sought by the plaintiff. To this judgment the plaintiff excepts. *Held:*

1. Although it appears from the foregoing statement of facts that West Lumber Company was doing the same business under two names at a place which had an entrance from two different streets, it had only *one place of business,* and was not liable to payment of two license taxes under the provisions of the ordinance above quoted. Having paid one license tax for that place of business, the trial judge erred in denying it the injunctive relief sought. "One against whom an unlawful exaction in the form of a tax is sought to be made, . . is entitled to an injunction to restrain its collection, if adequate remedy at law by affidavit of illegality is not provided." *Pullman Co.* v. *Suttles,* 187 *Ga.* 217, 220 (1) (199 S. E. 821); *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523, 524 (2) (54 S. E. 534). See also *Mystyle Hosiery Shops* v. *Harrison,* 171 *Ga.* 430 (1) (155 S. E. 765); *Mayor &c. of Savannah* v. *Savannah Electric &c. Co.,* 205 *Ga.* 429, 435 (54 S. E. 2d, 260); *Publix-Lucas Theaters* v. *City of Brunswick,* 206 *Ga.* 206 (56 S. E. 2d, 254).

2. The Code of the City of Atlanta of 1942, § 87-144, providing for application to the mayor and council for exemption from the payment of taxes, or for the refund of any taxes already collected by the city, afforded the plaintiff here no adequate administrative remedy for the relief sought, since the plaintiff was not claiming any exemption from taxes or a refund of taxes already paid, but was contesting its liability for the taxes and the right of the city to collect them, contending that all taxes due had already been paid.

3. Nor did the Code of the City of Altanta of 1942, § 59-206, providing that the tax committee is authorized to cancel or refuse to cancel business license penalties and fi. fa. costs provide the plaintiff with an adequate remedy to cancel a fi. fa. not only for business license penalty and costs, but for the license tax itself, and to prevent the sale of its property which had already been levied on under such fi. fa.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18165. ARGUED APRIL 14, 1953—DECIDED MAY 12, 1953.

*Johnson, Hatcher, Rhudy & Meyerson,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden* and *John E. Feagin,* contra.