## S02A0436. BURKHARDT v. BURKHARDT.
(561 SE2d 822)

FLETCHER, Chief Justice.

The trial court denied Scott Burkhardt's motion to set aside the final judgment and decree in a divorce action brought by his wife Kristi Burkhardt. Mr. Burkhardt appeals, contending that service in Wisconsin on his mother at her house while he was living there was ineffective. Because Mr. Burkhardt is a resident of Georgia, service upon him outside the state must be made directly to him. Therefore, service upon his mother was not sufficient and we are constrained to reverse the denial of the motion to set aside.

Mrs. Burkhardt's complaint for divorce alleged that her husband was a resident of Dawson County, Georgia. Service attempted at his last known address was unsuccessful. At a hearing on a motion for a protective order against Mr. Burkhardt, Mrs. Burkhardt's counsel informed the trial court that Mr. Burkhardt had gone to live with his mother in Wisconsin. The trial court directed that service be attempted at the Wisconsin address. Subsequently, a deputy sheriff of Marathon County, Wisconsin handed the summons and complaint to Mr. Burkhardt's mother at her home, and she delivered the papers to Mr. Burkhardt.

1. Under OCGA § 9-11-4 (e) (7), service on a person of "suitable age and discretion then residing" at the defendant's "dwelling house or usual place of abode" constitutes personal service on the defendant if made in this state. Under this definition, service upon a defendant's mother at her house when the defendant is living there is sufficient.

2. The legislature, however, has provided a more stringent requirement for service made outside the state upon Georgia residents. OCGA § 9-11-4 (f) (2) requires that service of the summons and complaint "shall be made . . . in person to the persons served." This specific provision for personal service on Georgia residents outside the state controls over the more general provision defining personal service.[1] Applying this provision to the facts of record

---

[1] *Savannah v. Savannah Elec. & Power Co.*, 205 Ga. 429, 436-437 (54 SE2d 260) (1949)

demands the conclusion that service in this case was improper because it was not made upon Mr. Burkhardt directly. Without proper service, the trial court did not obtain jurisdiction over Mr. Burkhardt and should have granted his motion to set aside.

3. Because the trial court lacked jurisdiction over Mr. Burkhardt, we need not address the remaining issues raised.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 28, 2002 —
RECONSIDERATION DENIED APRIL 29, 2002.

*Robert B. Thompson*, for appellant.
*Germano & Kimmey, C. David Turk III, Richard A. Vandever*, for appellee.

---

(specific statutory provision controls over general provision).