### HOFMAYER, JONES & CO. v. CITY OF BLAKELY.

An ordinance of the City of Blakely imposes a specific tax of $25 per annum "upon all transient dealers in dry-goods, notions, shoes, cigars, tobacco, groceries, drugs, medicines, toilet articles, and hardware," and provides that " the words, ' transient dealer,' shall . . include any person, firm, or corporation, not being a bona fide merchant of said city but having its chief place of business elsewhere, and who shall take orders for any of the articles named, either by a traveling salesman or otherwise, and who shall send such articles to any agent in the City of Blakely for distribution or delivery, and shall also include any agent to whom such goods shall be sent for delivery and distribution and who shall deliver and distribute the same." *Held,* that such ordinance is invalid, because contrary to the spirit and purpose of the act of Dec. 14, 1896 (Acts 1896, p. 36, Van Epps' Code Supp. § 6045), exempting from municipal taxation " any traveling salesman engaged in taking orders for the delivery of goods where no delivery is made at the time of taking such orders."

Argued November 24,— Decided December 12, 1902.

Certiorari. Before Judge Sheffield. Early superior court. April 17, 1902.

*I. J. Hofmayer,* for plaintiffs. *A. G. Powell,* for defendant.

FISH, J. We are clearly of opinion that the municipal ordinance of the City of Blakely, set out in the headnote, is void for the reason there stated. The act of Dec. 14, 1896 (Acts 1896, p. 36, Van Epps' Code Supp. § 6045), declares: " it shall not be lawful for the municipal authorities of any incorporated town to levy or collect any tax or license from any traveling salesman engaged in taking orders for the sale of goods where no delivery of goods is

made at the time of taking such orders." In *Kimmel* v. *Americus,*
105 *Ga.* 694, it was held : "An agent of a firm or corporation, who
goes from town to town in this State, exhibiting samples of goods
and taking orders on his employer or employers for such goods
from consumers, is a ' traveling salesman,' within the meaning of
the act of December 14, 1896." It appeared in that case that all
the goods for which Kimmel took orders in Americus were shipped
to him there, upon such orders, from Birmingham, Ala., and that
he delivered them in Americus to the consumers from whom he
had taken the orders. Therefore, under the ruling made in that
case, a traveling salesman of any person, firm, or corporation sought
to be taxed by this municipal ordinance, who should, in the City
of Blakely, take orders for any of the articles named in the ordi-
nance and have such articles subsequently sent to him, in such
city, by his principal, for distribution or delivery to those from
whom he obtained the orders, would be protected from taxation by
the city, under the provisions of the act of the General Assembly
above referred to. In *Kimmel* v. *Americus,* the writer, speaking
for the court, said : " We apprehend that one purpose of the Gen-
eral Assembly, perhaps the main one, in passing this act was to
protect the traveling representatives of mercantile houses or man-
ufacturers located in this State from municipal taxation, because
of the fact that the salesmen or agents of merchants or manufactu-
rers located and holding their goods in other States can come into
Georgia and take orders for such goods without paying any munic-
ipal tax whatever, being protected from such taxation by the con-
stitution of the United States." Of course, the protection given by
the act to the traveling representatives of merchants or manufactu-
rers of this State was really intended for the benefit of such mer-
chants and manufacturers themselves, as they, and not their travel-
ing salesmen, needed such protection, in order that they might be
put upon an equal footing with merchants and manufacturers whose
places of business are beyond the limits of the State. It was be-
cause the taxation by the municipal authorities of one State of the
traveling salesmen, or representatives, of merchants or manufactu-
rers of other states was a tax upon interstate commerce that the
Supreme Court of the United States held that such taxation was
violative of the constitution of the United States; and, because in-
terstate commerce could not be taxed by the municipal authorities

of Georgia, the General Assembly of this State, by the act of 1896, sought to protect commerce carried on between the different towns, cities, and sections of our own State from like taxation.  It was the commerce, and not the traveling salesmen engaged in it, that the act was intended to protect.  If the protection afforded by the act extended to the salesman alone and not to the merchant or manufacturer represented by him, then the act would be useless; for, in that event, the municipal authorities of any town or city could effectually keep the salesman from selling goods therein by imposing a sufficiently heavy tax upon the merchant or manufacturer whom he represented.  The ordinance in question was attacked upon various other grounds, but, in view of what we have said above, we deem it unnecessary to consider any of them.  The judgment overruling the certiorari is

*Reversed.  All the Justices concurring, except Lumpkin, P. J., absent.*