## COOK BREWING COMPANY *v.* LAWRENCE *et al.*

A contract for the sale of certain beers stipulated that the seller agreed to give the purchaser "the exclusive privilege of selling its draught and bottled beers at wholesale in said City of Augusta, Georgia, and agrees to sell and deliver to [the purchaser] its beers f. o. b. cars at Augusta, Ga., in car-load lots at the following prices," etc. On refusal of the purchaser to pay for the beers so delivered at Augusta, Georgia, the seller brought suit against the purchaser to recover the price thereof, attaching as a part of its petition the contract from which the above clause is quoted, but alleging that the sale was made at Evansville, Indiana, and not at Augusta, Georgia. Both parties to the contract treated the sale as one of intoxicating beers, and the controlling contention was whether the sale was made at Augusta, Ga., or at Evansville, Ind. The petition was dismissed on motion, as setting forth no cause of action. *Held,* that under the contract (which was made a part of the petition) the sale of the beers ordered and received by the defendant was at Augusta and not at Evansville.

(*a*) The sale being treated, if made in Georgia, as a violation of the Penal Code, § 426, prohibiting the sale or keeping for sale of beers which if drunk to excess will produce intoxication, no recovery can be had for the sale of such beers within the State of Georgia.

(*b*) The court did not err in refusing to submit to a jury the question whether the sale was consummated in Georgia, or in Indiana, nor in dismissing the petition on motion of the defendants.

AUGUST 18, 1914.

Complaint. Before Judge Hammond. Richmond superior court. February 5, 1913.

*C. H. & R. S. Cohen,* for plaintiff.

*Sam L. Olive,* for defendants.

HILL, J. The F. W. Cook Brewing Company brought suit against B. J. Lawrence, and Bryan Lawrence as surety, on a contract by the terms of which the plaintiff agreed that B. J. Lawrence was to have "the exclusive privilege of selling its draught and bot-

tled beers at wholesale in said City of Augusta, Ga., and agrees to sell and deliver to B. J. Lawrence its beers f. o. b. cars at Augusta, Ga., in car-load lots," at certain stipulated prices, etc. It was alleged that in pursuance of the contract the plaintiff, on various orders sent in by B. J. Lawrence, and accepted by the plaintiff at Evansville, Indiana, did deliver to a common carrier at Evansville, Indiana, to be shipped to B. J. Lawrence the list of articles (Goldblume and Pilsener beers) at the prices named therein, a copy of which was attached to the petition. Demand by the plaintiff and refusal to pay by the defendants the balance due on the account was alleged. Plaintiff amended its petition, and among other things alleged that the contract contemplated that the F. W. Cook Brewing Company would deliver the beers sold to B. J. Lawrence in cars at Evansville, Indiana, with bills of lading issued to said Lawrence, or the parties designated by him at Augusta, Ga., with the freight paid from the point of delivery at Evansville, Indiana, to Augusta, Ga., and that pursuant to this agreement the plaintiff did deliver the beers to the Louisville & Nashville Railroad Company at Evansville, Indiana, directed to B. J. Lawrence, or other parties designated by him at Augusta, Ga., and did, in pursuance of the agreement, pay the freight thereon from Evansville to Augusta. The defendants moved to dismiss the petition, upon the ground that no cause of action was set out; the contention being that the sale of the liquor upon which the recovery was sought was made within the State of Georgia, as shown by the contract upon which the suit was based. The court below held that the plaintiff, in its contract of sale with the defendant B. J. Lawrence, agreed to sell and deliver the beers in question at Augusta, Ga., and that, the sale of such goods being of itself illegal under the laws of this State, there could be no recovery; and dismissed the petition. To this ruling the plaintiff excepted.

The sale or keeping on hand for sale of alcoholic, spirituous, malt, or intoxicating liquors, or intoxicating bitters, or other drinks, which, if drunk to excess, will produce intoxication, is illegal in this State. Penal Code, § 426. There is no dispute that the goods sold, and for the price of which the suit is brought in this case, come within one of the above prohibited classes; and the case was argued on that theory, the controlling contention being that the court below erred in construing the expression "sell and deliver f. o. b. at Au-

gusta, Ga., at the following prices" as an agreement to sell and deliver at Augusta, Ga., instead of at Evansville, Ind., as the plaintiff in error insists was the agreement. We think the court correctly construed the contract in this respect. The language of the contract quoted above is plain and unambiguous that the plaintiff agreed to sell and deliver to the defendant its beers free on board cars at Augusta, Ga., at the prices stated in the agreement, and the defendant agreed "to make settlements and payment whenever demanded by the said Brewing Company, or its representatives." Under this contract Augusta was the place of sale. The sale was not complete until the beers were delivered free on board cars at Augusta. And though the amendment to the petition alleged that the contract contemplated that the beer was to be delivered at Evansville, Indiana, with the freight prepaid there, this can not change the plain terms of the contract. This being so, we think the conditions of the contract were complied with on the part of the plaintiff only when the beer was delivered at Augusta. But no recovery can be had in this State for the sale of beer which if drunk to excess will produce intoxication; and as there is no contention that the beer sold will not produce intoxication, but it is only insisted that the contract of sale was made outside the State, we think the court did not err, under the facts of this case, in dismissing the petition on motion. Under the petition and the contentions of the parties, there was nothing to submit to the jury.

*Judgment affirmed. All the Justices concur.*