### GRUSIN *v.* OLD SPRINGS DISTILLING COMPANY.

EVANS, P. J.  In a suit to recover the price of whisky it appeared that the agent of a wholesale whisky dealer solicited and took an order from the defendant at his place of business, at Augusta, Georgia, for the sale of a certain quantity of whisky. The agent sent the order to his principal in another State, who testified: "This order was received through the mail by us on December 31st, 1910, from our salesman, O'Connor. The order was in no way conditional, but a straight order for the goods. The order was accepted at Cincinnati, Ohio, and the goods shipped to defendant, . . marked and consigned to J. Grusin [the defendant], c/o. People Transfer Company, Augusta, Ga. The order was taken at Augusta, Ga., but we concluded the transaction in Cincinnati, Ohio." The seller paid the freight charges in advance, and the goods were delivered to the defendant at his place of business by the transfer company. *Held,* that the sale was in violation of the prohibition law of this State, and there can be no recovery by the plaintiff. Bogel *v.* State, 42 Tex. Cr. 389 (55 S. W. 830); Julius Winkelmeyer Brewing Asso. *v.* Nipp, 6 Kan. App. 730 (50 Pac. 956); 11 Am. & Eng. Enc. Law, 742.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 13, 1915.

Complaint. Before Judge Hammond. Richmond superior court. November 14, 1913.

*Isaac S. Peebles Jr.,* for plaintiff in error.