## CITY OF COLQUITT *et al. v.* JEFFORDS OIL CO.

No. 7390. June 14, 1930.

*Peter Z. Geer,* for plaintiff in error.
*Oliver C. Hancock,* contra.

BECK, P. J. Jeffords Oil Company brought its equitable petition against City of Colquitt, G. W. Cook, and A. F. Pierce, and prayed for injunction against the city and its officers, to restrain them from enforcing, by threatened prosecution and arrest of petitioner's agents, an ordinance of the city fixing a business license,

specific and occupation tax, etc. This ordinance, so far as relevant, reads as follows: "Be it ordained by the Mayor and Council of the City of Colquitt, Georgia, and it is hereby ordained by the authority of same, that the following license or specific tax shall be levied and collected in the City of Colquitt, Georgia, for the support of the city government for the year 1929, upon the following occupations, businesses, and subjects, to wit: Gasoline and oil, wholesale of, $35.00." It was contended that this ordinance is not applicable, under the facts of the case, to the oil company. Upon hearing evidence the court granted an interlocutory injunction, and the city excepted to that judgment.

It appears from the evidence in this case that the Miller Chevrolet Company of Colquitt, Georgia (hereinafter called the Miller Company), is a partnership composed of J. M. Miller and D. T. Grow; that Miller is the manager of the company; that this last named company purchases gasoline, oil, etc., from Jeffords Oil Company, of Bainbridge, Georgia (hereinafter called the Jeffords Company), and the gasoline, oil, etc., purchased are thereafter sold by the Miller Company at retail. When a supply of gasoline or oil is needed by the Miller Company, the company through its agents telephones the order for the desired amount of gasoline and oil to the Jeffords Company, located at Bainbridge, and subsequently the driver of the delivery truck of the Jeffords Company delivers at the place of business of the Miller Company the products previously so ordered; and upon the truck-driver delivering these products the Miller Company delivers to the truck-driver a check payable to the Jeffords Oil Company, in payment of the gasoline or oil or other products so purchased and delivered. The Jeffords Company, from which these purchases are made, is engaged in selling at wholesale the products purchased by the Miller Company, and other similar products. The Miller Company is the only agency using the products of the Jeffords Company in the City of Colquitt, and no other person, corporation, or association is permitted to use any products of the Jeffords Oil Company in that city. There are other facts in the record, relating to the lease, etc., of the premises upon which the Miller Company sells the products bought from the Jeffords Company, but they are not material to the decision of the sole question in this case; and that question is, whether that part of the city ordinance taxing businesses or occupa-

tions is applicable to the Jeffords Oil Company. It seems clear that it is not applicable to this last-named company. This company is engaged, at Bainbridge, Georgia, in the business of selling at wholesale the products mentioned above, to which place it has gasoline and oil shipped in large quantities from distant points. If the City of Bainbridge has an ordinance in effect similar to that involved in this case, the Jeffords Oil Company might be liable for the tax imposed upon those selling gasoline and oil at wholesale. The delivery by truck of gasoline or oil to the retail dealers in other towns and localities where gasoline is retailed may well be classed as an incident to the main business of the Jeffords Company, and as such is not taxable. See *Wofford Oil Co.* v. *Boston, post,* 624; *Hewin* v. *Atlanta,* 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296); *Southern Express Co.* v. *Rose Co.,* 124 *Ga.* 581 (53 S. E. 185, 5 L. R. A. (N. S.) 619). Other cases might be cited to the same effect, which have been decided by this court and courts of other States.

It follows that the court did not err in granting the interlocutory injunction. *Judgment affirmed. All the Justices concur.*