WOFFORD OIL COMPANY *v.* CITY OF BOSTON et al.

No. 7395.  June 16, 1930.

*Franklin & Langdale, H. C. Eberhardt,* and *O. C. Hancock,* for plaintiff.

*H. H. Merry,* for defendants.

HILL, J. (After stating the foregoing facts.)

The first question to be determined is whether a court of equity has jurisdiction of this case. It will be observed that it is a suit to enjoin a criminal prosecution, among other things. The general rule is that a court of equity will not enjoin a criminal prosecution or proceedings that are quasi criminal. *Starnes* v. *Atlanta,* 139 *Ga.* 531 (77 S. E. 381); Civil Code (1910), § 5491. This is a proceeding to enjoin the enforcement of a penalty provided for in a municipal ordinance for failing to pay the "specific license fee of $50" or occupation tax imposed on those "delivering" gasoline and oils from wagons or trucks within the City of Boston. One exception to the general rule stated above is where property rights are involved, and the process sought to be enforced tends to destroy the property rights of another. *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630), and cit.; *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (3) (125 S. E. 47). It is alleged in the petition that the enforcement of the execution in the instant case by prosecution for failure to pay the license tax in question would take the property of the plaintiff without due process of law. It is alleged that the imposition of the tax would destroy plaintiff's business, and that

in addition to the levying of an execution issued by the municipality against the plaintiff the defendants are prosecuting and threatening to continue to prosecute agents of plaintiff who make "delivery" of its products within the City of Boston; and that the present suit will prevent a multiplicity of suits, etc. In these circumstances the case falls within the exception to the general rule, and a court of equity has jurisdiction of the same.

■ The portion of the order of the court, "that the injunction be denied in so far as it seeks to prevent the exaction of a license from the plaintiff where it appears that the plaintiff has been, or hereafter be, engaged in the business of *selling* [italics ours] gasoline and oils within the corporate limits of the City of Boston, and delivering the same from wagons or trucks," is erroneous, as hereinafter pointed out. The other part of the order, to wit, "In other respects, that the defendants be enjoined as prayed," being against the City of Boston, is not excepted to by the city. But the entire order is excepted to by the Wofford Oil Company, for the reasons set out in the statement of facts. The Wofford Oil Company is not hurt by the portion of the order which was in its favor. Was it hurt by that portion of the order *denying* the injunction so far as it allowed the exaction of a license where it appeared that the plaintiff had been or hereafter might be engaged in "selling gasoline and oils" within the corporate limits of Boston and delivering the same from wagons or trucks? The ordinance of the City of Boston provided that "the specific license fees shall be as follows: . . Gasoline and oils *delivered* from wagons or trucks, per year, $50." It will be noted that the ordinance provides for a tax only on gasoline and oils "delivered" from wagons or trucks, and not for "selling" gasoline and oils within the city. It has been held that parts and parcels of a business can not be legally taxed by municipal corporations under the general powers conferred by statute. *Hewin* v. *Atlanta*, 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296); *Southern Express Co.* v. *Rose Co.*, 124 *Ga.* 581, 592 (53 S. E. 185, 5 L. R. A. (N. S.) 619). But the City of Boston sought to tack on to the ordinance an additional provision on the idea that the ordinance was ambiguous, and accordingly offered an amendment to its answer, which was allowed over objection, as follows: "The construction put upon said ordinance levying the occupation tax by the mayor and aldermen at all times

since its passage, as manifested by its application and enforcement and directions given to the administrative officers of the city with reference thereto, is that there is imposed thereby an annual specific license or occupation tax of $50 upon each person, firm, or corporation conducting in the city the business of *selling* [italics ours] and delivering gasoline and oils from wagons or trucks." The allowance ·of this amendment was excepted to by the Wofford Oil Company. The court allowed not only the amendment but evidence, over objection, to sustain this paragraph of the amendment. We think the court erred in so doing. The ordinance is unambiguous, and clearly provides only for a specific tax for *"delivering"* gasoline and oils, whereas the amendment to the answer has the effect of so changing the construction of the ordinance that it provides for "selling and delivering gasoline and oils," which is a different thing entirely. The record discloses that the Wofford Oil Company has a depot, or storage-tanks, at Thomasville, Georgia, where it stores gasoline and oils by·wholesale, and delivers these products by truck from its depot or tanks at Thomasville, on orders previously obtained, to its different stations, one or two of which are located within the corporate limits of the City of Boston. · It also appears that the filling-stations within the City of Boston to which plaintiff "delivers" gasoline and oils pay an occupation or business tax to the City of Boston for doing such business within the city. The Civil Code (1910), § 868, provides that "the municipal authorities of an incorporated town shall not levy or collect any tax or license from a traveling salesman engaged in taking orders for the sale of goods, where no delivery of goods is made at the time of taking such orders." We think the instant case falls within the spirit of that section of the Code. The "delivery" here is upon orders previously obtained, and from wholesale tanks or depots, by wholesale, as part of the wholesale business. But it is contended that the trucks of plaintiff on several occasions, according to the evidence, *"sold and delivered,"* and collected for, gasoline and oils delivered to the filling-stations within the City of Boston, without previous orders having been obtained therefor, and therefore that the plaintiff is subject to the tax sought to be collected. As already observed, the amendment to the answer, and the evidence thereunder, was improperly allowed, and so far as the record shows, there is no ordinance of the City of Boston imposing

a tax for "selling," or *selling and delivering* gasoline and oils within the city, and the ordinance which imposes a tax merely for "delivering" such products, can not be enlarged by construction, and by parol evidence into "selling" or "selling and delivering" such products. We therefore reach the conclusion, that, under the present state of the record, the court erred in denying an injunction in so far as the petition seeks to prevent the exaction of a license from the plaintiff, where it appears that the plaintiff has been or hereafter may be engaged in the business of "selling" gasoline and oils within the corporate limits of the City of Boston, or "delivering" gasoline and oils from wagons or trucks. We can not say as a matter of law that the ordinance fixing the special tax of $50 per year on those delivering gasoline and oils from wagons and trucks is void as being confiscatory, etc. There was no evidence tending to show that the special tax imposed by ordinance was confiscatory.

*Judgment reversed. All the Justices concur, except*

GILBERT, J., dissenting. I concur in the rulings made on the merits of the case, but dissent from the judgment, because, under the facts, it was not a case for the intervention of equity jurisdiction.