23295. COCHRAN *v.* TOWN OF PITTS.

DECIDED OCTOBER 6, 1933. REHEARING DENIED OCTOBER 28, 1933.

*O. C. Hancock, C. L. Harris, J. W. Dennard,* for plaintiff in error.

*J. H. Dorsey,* contra.

GUERRY, J. W. J. Cochran was convicted in the mayor's court of the Town of Pitts on the charge of violating an ordinance providing that "all persons . . engaging in, or carrying on, in the Town of Pitts, Georgia, any business, occupation, or vocation herein specified shall pay license tax therefor as follows: 'gasoline, kerosene oil, motor oil, or petroleum products, either or all, each dealer in, wholesale—$25.00. Gasoline and oil, each dealer in, either or both, retail—$35.00.'" A petition for certiorari was presented to the judge of the superior court of Wilcox county, and to his refusal to sanction it exception was taken. The evidence set out in the petition for certiorari discloses that the defendant (an

employee of a wholesale gas and oil dealer in Cordele, Georgia) sold and delivered gas and oil to J. H. Harris, a retail dealer in the Town of Pitts, on three occasions in January, 1933, without said retail dealer having previously given orders for the same. "He just drove up to the station and I bought gas and oil from him without an order." In the case of *City of Colquitt* v. *Jeffords Oil Co.*, 170 *Ga.* 605 (154 S. E. 140), it was held that where a wholesale gas and oil dealer engaged in one city in selling, at wholesale, its products delivered by truck, *upon orders received by telephone or mail, in quantities required by the terms of such orders,* to retail dealers in other towns, the wholesale dealer (or the driver) was not engaged in selling by wholesale in such other towns, though payments were made for such deliveries at the time they were made. This ruling was followed in *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (4) (154 S. E. 145). The evidence in this case discloses that sales and deliveries were made to a retail dealer on three separate days in January, without previous orders. The sales were by wholesale to a retail dealer, and constituted the seller a wholesaler.

Plaintiff in error insists that three sales do not make the seller a wholesaler within the meaning of the statute; citing Jackson *v.* U. S., 26 Fed. Cas. 556, where it was said that "Selling an occasional drink out of a bottle is not carrying on the business of a retail liquor dealer." Three sales in one month by a gas-truck to a filling-station, which retails the product, is sufficient to constitute the seller a wholesaler. No doubt the retail liquor dealer above referred to was selling in the days of the barroom. The courts of this State have in recent years held a seller by the glass from a bottle to be "a walking blind tiger," or retail dealer in whisky. The act of 1896 (Ga. L. 1896, p. 36, Civil Code, § 868) does not apply to the facts in the present case. The court did not err in refusing to sanction the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*