## McCULLOUGH BROTHERS INCORPORATED *v.* CITY OF GRIFFIN *et al.*

No. 11101. JANUARY 15, 1936.
REHEARING DENIED FEBRUARY 21, MARCH 14, 1936.

*F. M. Bird* and *L. M. Blair,* for plaintiff. *Neely, Marshall & Greene,* for person.at interest, not party.

*J. O. Futral,* for defendant.

GILBERT, Justice. The exception is to a judgment denying an interlocutory injunction. The facts are not in dispute, and are in substance as follows: McCullough Brothers Inc., a corporation, is a wholesale dealer in malt beverages in Atlanta. It sent representatives to Griffin to obtain orders for beer from retailers, and has procured numerous orders. When procured, such orders are transmitted to the company in Atlanta. If accepted, shipment and delivery are made from Atlanta by its trucks to the buyer in Griffin. Delivery usually takes place after the order is taken, and never at the time the order is taken. The company does not maintain a place of business in Griffin. It contacts prospective purchasers in Griffin only by use of traveling representatives not stationed in Griffin. The above-mentioned method of operation has been the exclusive one employed, under which orders have been taken for several months. Prior to the taking of orders by the company as detailed above, the City of Griffin enacted the following ordinance: "(a) To sell at wholesale beer or malt beverages made wholly or in part from malt or any similar fermented beverage with an alcoholic content within the limits prescribed by the laws of the State of Georgia—$100." Pursuant to such ordinance the city

has demanded payment of the license fee imposed by the ordinance, and the petitioner has refused to make payment, "claiming it does not operate a wholesale beer business in the City of Griffin, and that such operations as it does conduct therein are mere incidents of its business and are exempt under the laws of the State of Georgia from any license by the City of Griffin, and said company insists that a permit is not necessary from the City of Griffin; and the City of Griffin, for said reason, has refused to permit said company to sell or distribute malt beverages in the City of Griffin." The city has sought to enforce the ordinance, and "have arrested the representative of McCullough Brothers Inc. while said representative was making deliveries of beer to persons in Griffin, said deliveries being made pursuant to orders taken prior to the time of delivery. . . The representative of McCullough Brothers Inc. was released and instructed that he would not be permitted to make further deliveries of beer in the City of Griffin until said license was paid, and a permit had been given by the City of Griffin to said company for the wholesale distribution of malt beverages within the City of Griffin, and that if he came back to deliver any beer before such license had been paid and permit had been granted, he would be arrested and the truck and merchandise of plaintiff would be levied on and seized." It is insisted that the city is prohibited from interfering with the operations of the petitioner, by the provision of the Code of 1933, § 92-4105, as follows: "The authorities of any municipal corporation shall not levy or collect any tax or license from a traveling salesman engaged in taking orders for the sale of goods, where no delivery of goods is made at the time of taking such orders."

1. This case falls under the general rule that "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code of 1933, § 55-102. For that reason the court did not err in refusing to grant an interlocutory injunction.

2. Moreover, irrespective of the ruling just stated, the court did not err for the reason assigned by the plaintiff. The tax levied by the ordinance is on the sale of malt liquor, and not on the occupation of a peddler as in *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (125 S. E.

47), cited by the plaintiff. See sec. 16 of the act of 1935, p. 80.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., and ATKINSON and HUTCHESON, JJ., concur in the result.

### ON MOTION FOR REHEARING.

GILBERT, Justice. The following cases were specified in the motion for rehearing "as having been overlooked by the court:" *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (supra); *Franklin County* v. *Crow,* 128 *Ga.* 458, 463 (57 S. E. 784); *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (154 S. E. 145); *City of Colquitt* v. *Jeffords Oil Co.,* 170 *Ga.* 605 (154 S. E. 140); *Hewin* v. *Atlanta,* 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296); *Southern Express Co.* v. *Rose Co.,* 124 *Ga.* 581 (53 S. E. 185, 5 L. R. A. (N. S.) 619). Since the *Upchurch* case was cited in the decision, it was obviously mentioned inadvertently by the movant as having been overlooked. The other cases were not overlooked. The fact that they were not mentioned in the decision does not necessarily authorize the inference that they were overlooked. The movant insists that *Franklin County* v. *Crow* is applicable on the theory that where the record is silent as to any fact necessary to give the court jurisdiction, the law presumes that such fact existed. The superior court had jurisdiction of the case, but the facts did not permit the exercise of equitable powers. The word "jurisdiction," as used in the Code of 1933, § 55-102, does not imply that the court has no jurisdiction to render judgment. The section, construed as a whole, by its terms merely means that "Equity will take no part in the administration of the criminal law." *Wofford Oil Co.* v. *Boston* dealt with municipal taxes levied on *delivery* of oils, and not on the sale. The court held that the *delivery* was only part of the contract of sale, and for that reason could not be taxed by the municipality. *City of Colquitt* v. *Jeffords Oil Co.* was decided on the theory that only a part of a business was taxed. The power of the municipality to tax a sale was not considered. Obviously the court overlooked the fact that the tax in fact was on the sale. It is apparent that the question whether the sale took place in the City of Colquitt was not discussed, and must not have been considered by this court in rendering its decision. In the opinion the following language is found: "The *delivery* [italics ours] by truck of gasoline or oil to the retail dealers in other towns and localities where

gasoline is retailed may well be classed as an incident to the main business of the Jeffords Oil Company, and as such is not taxable. See *Wofford Oil Co.* v. *Boston,* post, 624; *Hewin* v. *Atlanta,* 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296); *Southern Express Co.* v. *Rose Co.,* 124 *Ga.* 581 (52 S. E. 185, 5 L. R. A. (N. S.) 619)." The use of the word "delivery" and the citation of three cases in immediate connection definitely show that what the court had in mind and actually decided was controlled by the authorities cited therein. All of those cases involved the levy of a tax on a part of a business which could not be separated. Moreover, if the *Jeffords* case conflicts with older controlling decisions, it must yield.

The act of 1935 (Ga. L. 1935, p. 80, sec. 16) expressly provides that a license must be obtained in any municipality before a sale may legally be made. The constitutionality of the tax is not questioned. It is only insisted that the tax can not be collected from the petitioner. The sale is not denied. The agreement of facts so states. The law is settled that where the contract does not otherwise provide, and the sale is made as in this case, it is completed where the delivery takes place. The controlling question is: where did the sale take place? It is well established in this State by the following cases, that, under the facts agreed upon here, the sale takes place at the point of delivery—in this case within the City of Griffin. *Crabb* v. *State,* 88 *Ga.* 584 (15 S. E. 455); *Southern Express Co.* v. *State,* 114 *Ga.* 226 (2) (39 S. E. 899); *Cook Brewing Co.* v. *Lawrence,* 142 *Ga.* 255 (82 S. E. 253); *Grusin* v. *Old Springs Distilling Co.,* 143 *Ga.* 25 (84 S. E. 57). All of these were full-bench decisions, except the last cited. In that case one Justice was absent, but there was no dissent. For these reasons the *Jeffords* case can not be followed.

Counsel for movant complain that they are unable to reconcile the present decision with former decisions on the application of the Code of 1933, § 55-102, which forbids equitable interference with criminal prosecutions. An examination of the numerous cases in the Reports of this State will disclose that this court also labors under the same difficulty that confronts counsel for the movant. However, an attempt has been made more than once to find a basis for reconciliation. See *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177). The Code section has been re-enacted several times by the

General Assembly, in the face of the fact that the decisions are somewhat in conflict. The older cases were in accord with the decision in the present case, as are some of the most recent. *Upchurch* v. *LaGrange* is pressed upon our attention on both points of the issue. It is insisted that the case is authority for the position that equity will restrain the criminal prosecution. In the present case it is agreed that the representative of the petitioner company was arrested and later released, and was instructed that he would not be permitted to make further deliveries of beer in the City of Griffin until the said license was paid and a permit had been given by the City of Griffin to the company for the wholesale distribution of malt beverages within the City of Griffin; and that if he came back to deliver any beer before such license had been paid and permit granted, he would be arrested and the truck and merchandise of the company would be levied on and seized. So, it appears that no criminal prosecution was pending, and that there was merely a *threat* that the law would be enforced. That amounts merely to a statement that the city officials were performing their duty, a fact which the law presumes. On this point see *Georgia Public Service Commission* v. *Parcel Delivery Co.*, 177 *Ga.* 600 (170 S. E. 800); *Southern Oil Stores Inc.* v. *Atlanta*, 177 *Ga.* 602 (170 S. E. 801); *City of Albany* v. *National Linen Service Corporation*, 178 *Ga.* 771 (174 S. E. 621); *City of Douglas* v. *South Georgia Grocery Co.*, 178 *Ga.* 657 (174 S. E. 127); all full-bench decisions except the last cited. In the *Upchurch* case it was said: "The general rule is that a court of equity will not interfere with a prosecution for violation of a penal ordinance. Where, however, as in this case, there were threats of continued prosecution to destroy the right to transact business unless the tax should be paid, the case falls within the exception to the rule." The court was of the opinion that the case was taken out of the general rule because of the effort to "destroy the right to transact business." If we were wrong in this, and under the facts the general rule should have been applied, then the case was incorrectly decided, and this writer, who wrote the opinion in that case, is open to criticism. Nevertheless the older decisions control. "In some cases, involving special facts, injunction may be granted against the unlawful enforcement of municipal ordinances, although they are penal in character, for the protection of property or property rights or fran-

chises against irreparable injury; as, for instance, where, under the *guise* of enforcing a penal ordinance, it is *manifest* that prosecutions and arrests are threatened for the sole purpose of *unlawfully taking or destroying property,* or preventing the exercise of a franchise granted by the State." *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (2) (67 S. E. 438, 27 L. R. A. (N. S.) 452). See also *Ga. R. &c. Co.* v. *Atlanta,* 118 *Ga.* 486 (45 S. E. 256) ; *City of Macon* v. *Samples,* 167 *Ga.* 150, 156 ; *City of Douglas* v. *South Georgia Grocery Co.,* and *Corley* v. *Atlanta,* supra. Finally, we are sure that the litigation in the present case arose, and has been pressed, on the mistaken idea that the tax was levied on the traveling salesman, whereas it is against the dealer. The cases cited in the motion for rehearing and the brief thereon, not discussed in the decision or what has been written on the motion for rehearing, and not classified in *Corley* v. *Atlanta,* supra, are not authority contrary to the ruling in the present case, and are not of such importance as to require a detailed discussion. The motion for rehearing is denied.

On the motion for rehearing Mr. Justice Hutcheson desires to be recorded as concurring generally instead of in the result. It is so ordered.