WOFFORD OIL CO. *v.* TOWN OF WILLACOOCHEE *et al.*

No. 11662. APRIL 13, 1937.

*O. C. Hancock* and *E. L. Grantham,* for plaintiff.

RUSSELL, Chief Justice. Wofford Oil Company maintained a bulk or wholesale plant for petroleum products in the City of Douglas, from which it distributed such products to its customers in the surrounding territory. One of its customers ran a retail filling-station in the Town of Willacoochee in a neighboring county. The mayor and council of Willacoochee passed an ordinance levying an occupation tax for the year 1935 on "oil or gasoline, or wholesale dealers in, $50." The Wofford Oil Company during 1935, upon receipt from its customer in Willacoochee of an order over the telephone or through the mails for an amount of such products, would deliver the same to him in that town by means of its motor-truck. Thereupon the authorities of the town sought to enforce the provisions of the ordinance against the com-

pany, and among other acts have levied on and seized the motor-truck of the company delivering such products, upon previous order, to its retail customer in that town, and have threatened to levy on the company's property each time it makes or attempts to make a delivery in that town to its customer. The company filed its petition for injunction against the enforcement of said tax against it, and against the levy and seizure of its truck each time the company made or sought to make a delivery of petroleum to its customer, alleging the facts substantially as stated above. At the trial, the foregoing facts appearing from an agreed statement on which the case was submitted, the judge directed the jury to find a verdict in favor of the defendants, and judgment was entered requiring the plaintiff to pay such tax. The plaintiff excepted.

■ Where a municipality is simply given the power to impose a license tax upon a business, it can not divide such business into its constituent elements, parts, or incidents, and levy a separate tax on each or any element, part, or incident thereof. *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (154 S. E. 145); *City of Colquitt* v. *Jeffords Oil Co.,* 170 *Ga.* 605 (154 S. E. 140); *Wofford Oil Co.* v. *Pitts,* 178 *Ga.* 339 (173 S. E. 384). Under these decisions the ordinance involved in the present case was not applicable to the delivery of petroleum products by the plaintiff, in the manner shown, to its customer in the Town of Willachoochee. See also *Kimmel* v. *Americus,* 105 *Ga.* 694 (31 S. E. 623); *Hofmayer* v. *Blakely,* 116 *Ga.* 777 (43 S. E. 69); *Hewin* v. *Atlanta,* 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296); *Southern Express Co.* v. *Rose,* 124 *Ga.* 581 (53 S. E. 185, 5 L. R. A. (N. S.) 619); *City of LaGrange* v. *Whitley,* 180 *Ga.* 805 (180 S. E. 823).

■ The plaintiff's remedy was by injunction. The levy of an execution and the interposition of an affidavit of illegality would not lie in this case, as the charter of the town does not make any provision therefor. See *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (54 S. E. 534); *Wilson* v. *Eatonton,* 180 *Ga.* 598 (180 S. E. 227).

■ It does not appear that the plaintiff was making both sales and deliveries in the Town of Willacoochee, and was therefore subject to the tax for that reason. *Wofford Oil Co.* v. *Dahlonega,* 178 *Ga.* 337 (173 S. E. 85); *Cochran* v. *Pitts,* 47 *Ga. App.* 709 (171 S. E. 312).

■ The opinion in *McCullough* v. *Griffin,* 181 *Ga.* 832 (184 S. E. 599), was not concurred in by all the Justices, and is not binding as authority upon this court; and furthermore, so far as that decision dealt with the construction and application of a similar ordinance, it was contrary to previous unanimous decisions, and will not be followed. See *City of Colquitt* v. *Jeffords Oil Co.,* supra.

■ The judge erred in directing the verdict.

*Judgment reversed. All the Justices concur.*