FRUIT COMPANY *v.* CITY OF DALTON *et al.*

No. 11646. APRIL 14, 1937.

*Wright & Covington,* for plaintiff. *Mitchell & Mitchell* as amici curiæ.

*C. D. McCutchen,* for defendant.

BELL, Justice. The Fruit Company, a corporation of Floyd County, filed a suit against the City of Dalton and W. H. Souther as marshal of the City of Dalton, alleging substantially the following: The plaintiff is engaged in the wholesale produce and beer business, having its sole office and place of business in Rome, Georgia. In the operation of its business as a wholesale beer distributor, the plaintiff covers the northwestern section of Georgia, and has a number of customers located throughout that ter-

ritory. The plaintiff has several customers who are dealers in beer, by retail, in the City of Dalton, Whitfield County, Georgia. Both the plaintiff and these retail dealers in Dalton are duly licensed to conduct their respective businesses under the laws of Georgia. The plaintiff conducts its business with such retailers through its agents and representatives, who take orders for beer in Dalton and then carry or send the orders to the office of the plaintiff in Rome. The beer so ordered is then delivered by trucks belonging to the plaintiff. No sales are made from these trucks, and no deliveries are made at the time the orders are given. On February 11, 1936, the City of Dalton through its clerk issued executions against the plaintiff for $50 and $150, respectively, "purporting to be issued under an alleged ordinance fixing a license fee or tax of $100 on wholesale dealers in beer in said City of Dalton." On the same date, W. H. Souther, marshal of the City of Dalton, acting under these executions, levied upon a certain truck belonging to the plaintiff; which executions are proceeding illegally, and the plaintiff. has no adequate remedy at law. It is insisted that the ordinance is void or inapplicable as against the plaintiff, because it is contrary to the purpose and intent of the Code, § 92-4105, by which the business conducted by the plaintiff is exempt from taxation by the City of Dalton. The prayer was for injunction to restrain the defendants from further attempting to enforce the executions or the tax ordinance as against the plaintiff, and for other relief. At interlocutory hearing the court sustained an oral motion to dismiss the petition, on the ground that it did not state a cause of action. To this judgment the plaintiff excepted.

"The authorities of any municipal corporation shall not levy or collect any tax or license from a traveling salesman engaged in taking orders for the sale of goods where no delivery of goods is made at the time of taking such orders." Code, § 92-4105. The only question for determination in this case is whether the business of the plaintiff, in view of its location and manner of operation, is protected by this section from taxation by the City of Dalton. This court has had before it several cases involving the act of 1896 (Ga. L. 1896, p. 36), from which this section is codified. In *Kimmel* v. *Americus*, 105 *Ga.* 694 (31 S. E. 623), it was said: "We apprehend that one purpose of the General As-

sembly, perhaps the main one, in passing this act was to protect the traveling representatives of mercantile houses or manufacturers located in this State from municipal taxation, because of the fact that the salesmen or agents of merchants or manufacturers located and holding their goods in other States can come into Georgia and take orders for such goods without paying any municipal tax whatever, being protected from such taxation by the constitution of the United States." In *Hofmayer* v. *Blakely,* 116 *Ga.* 777, 778 (43 S. E. 69), the court went further, and said: "The protection given by the act to the traveling representatives of merchants or manufacturers of this State was really intended for the benefit of such merchants and manufacturers themselves, as they, and not their traveling salesmen, needed such protection, in order that they might be put upon an equal footing with merchants and manufacturers whose places of business are beyond the limits of the State. It was because the taxation by the municipal authorities of one State of the traveling salesmen, or representatives, of merchants or manufacturers of other States was a tax upon interstate commerce that the Supreme Court of the United States held that such taxation was violative of the constitution of the United States; and, because interstate commerce could not be taxed by the municipal authorities of Georgia, the General Assembly of this State, by the act of 1896, sought to protect commerce carried on between the different towns, cities, and sections of our own State from like taxation. It was the commerce, and not the traveling salesman engaged in it, that the act was intended to protect. If the protection afforded by the act extended to the salesmen alone and not to the merchant or manufacturer represented by him, then the act would be useless; for, in that event, the municipal authorities of any town or city could effectually keep the salesman from selling goods therein by imposing a sufficiently heavy tax upon the merchant or manufacturer whom he represented." The agent of the present plaintiff, who takes the orders to be filled by it, is a "traveling salesman" within the meaning of the Code, § 92-4105. See, in this connection, *Kimmel* v. *Americus,* supra; *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (125 S. E. 47); *Wofford Oil Co.* v. *Pitts,* 178 *Ga.* 339 (173 S. E. 384). The tax in the instant case is one against the plaintiff wholesaler, and not its traveling salesmen. According to the petition, the situs of

the plaintiff's business is in the City of Rome, and all that it does in the City of Dalton is to take orders through its traveling salesmen and then to fill them by means of its own truck and driver. Does the plaintiff by these transactions become a wholesale beer dealer in the City of Dalton, subject to the ordinance under consideration?

It is argued by the defendant that the determining question is whether the sales are consummated in Rome, or in Dalton, the place of delivery; and the case of *McCullough* v. *Griffin*, 181 *Ga.* 832 (184 S. E. 599), is cited in support of this contention. We can not agree with this view. Under the decisions in the *Kimmel* and *Hofmayer* cases, supra, the mere place of delivery is immaterial. The situs of the business is the controlling factor, and in the case of this plaintiff the situs is at Rome. Compare *City of LaGrange* v. *Whilley*, 180 *Ga.* 805 (180 S. E. 823). Delivery is a mere incident of a business, and within itself is not taxable under this ordinance, which simply levies a business or occupation tax. *Hewin* v. *Atlanta*, 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296); *Southern Express Co.* v. *Rose Co.*, 124 *Ga.* 581·(53 S. E. 185, 5 L. R. A. (N. S.) 619); *Wofford Oil Co.* v. *Boston*, 170 *Ga.* 624 (154 S. E. 145). The opinion in *McCullough* v. *Griffin*, supra, was concurred in by only four Justices, two concurring in the result only; and accordingly that decision is not binding as authority upon this court. Moreover, it appears to be in conflict with previous unanimous decisions. See *Wofford Oil Co.* v. *Willacoochee*, 184 *Ga.* 275 (191 S. E. 128). While the writer was one of those who concurred in the decision in the *McCullough* case, and accepts in full his share of responsibility therefor, he is now of the opinion, after further study, that the decision is unsound and should not be followed. That, like the present, was a beer case. The malt-beverage act (Ga. L. 1935, p. 73) provided as follows: "Sec. 7. That if any business allowed under the provisions of this act is proposed to be carried on within the corporate limits of a municipality, the applicant for license shall pay to the proper authority, to be designated by the governing body of such municipality, such annual license fee as may be fixed by the said governing body, which license shall apply to and be required for each brewery or place of manufacture and also for each place of wholesale and retail distribution; and it is further

provided that when any of the above described businesses are licensed by municipal authority, that no county license fee shall be required by county authority. However, upon any of the above designated businesses located outside a municipality, the governing authority of such county, in which any of the said businesses are located, is authorized to fix an annual license fee. The license fee so fixed shall apply to and be required for each brewery or place of manufacture and for each place of wholesale and also for each place of retail distribution outside of the municipality and/or including towns or cities." It is apparent from this statute that the result can not be different in cases of this general type merely because the business is that of selling beer instead of some other commodity, as for instance gasoline and oil. Compare *Wofford Oil Co. v. Willacoochee,* supra. The license-tax here involved is a strictly revenue measure, and no question of police power is involved. The City of Dalton having no authority to levy the license tax against the plaintiff wholesaler, and there being no provision in its charter for the filing of an affidavit of illegality in such case (*Wilson v. Eatonton,* 180 *Ga.* 598, 180 S. E. 227), the petition stated a cause of action for injunction, and the court erred in dismissing it on general demurrer.

*Judgment reversed. All the Justices concur.*