CITY OF JEFFERSONVILLE *v.* SINCLAIR REFINING CO.

No. 11692. APRIL 14, 1937.

*L. D. Moore,* for plaintiff in error.

*J. D. Shannon, O. C. Hancock,* and *Carl D. Levy,* contra.

HUTCHESON, Justice. The Sinclair Refining Company, hereinafter referred to as plaintiff, owns and operates a wholesale distributing station for petroleum products at Gordon in Wilkinson County, Georgia. Plaintiff has contracts with certain retail dealers of petroleum products located in the City of Jeffersonville. The city passed an ordinance providing that "any person, firm, or corporation, who shall either by himself or agents engage in or carry on any occupation, business, or calling enumerated in the subjoined schedule, shall pay license as per the following schedule, to wit: oil dealers, wholesale—$50." Plaintiff's agent was arrested by the law-enforcement officers of the city, and has been threatened with continued arrests if he persists in doing business in the city. Plaintiff is seeking to enjoin the enforcement of the ordinance and the levy of an execution to compel payment of the license. Upon the trial the case was submitted to the court upon an agreed statement of facts, as follows: "The Sinclair retailers in the City of Jeffersonville would 'phone to plaintiff . . an order for oil, which was delivered by truck by plaintiff and paid for when delivered in Jeffersonville. That in some instances the Sinclair dealer in Jeffersonville would call upon the truck-driver while in Jeffersonville, and receive from the truck of plaintiff oil and gas in wholesale lots, and pay for same without any previous order being given." The court granted a permanent injunction as prayed.

"Where an oil company is engaged in one city in selling at wholesale oil, etc., and delivers by truck, upon orders received by telephone or mail, in the quantities required by the terms of such orders, to retail dealers in other towns, the wholesale dealer is not engaged in selling by wholesale in the towns at which are located the retail dealers, though the payments are made there by the check of the retail dealers payable to the wholesale dealer, the check at the time of the delivery being handed to the driver of the truck of the wholesale dealer for the latter. *City of Colquitt* v. *Jeffords Oil Co.,* 170 *Ga.* 605 (154 S. E. 140); *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (154 S. E. 145)." *Wofford Oil*

*Co.* v. *Pitts,* 178 *Ga.* 339 (173 S. E. 384). However, where the evidence also discloses that the oil company also makes sales and deliveries from its trucks while in the town levying the license tax, no previous orders having been given, the oil company is subject to the tax levied upon wholesale dealers in oil. *Wofford Oil Co.* v. *Pitts,* supra, *Cochran* v. *Pitts,* 47 *Ga. App.* 709 (171 S. E. 312).

■ Under the above rulings and the facts as agreed upon and submitted to the court, the court erred in granting a permanent injunction restraining the enforcement and collection of the license required by the ordinance.

*Judgment reversed. All the Justices concur.*