842

26706.  GAISSERT *v.* THE STATE.

DECIDED APRIL 26, 1938.

*Beck, Goodrich & Beck,* for plaintiff in error.
*Stanford Arnold, solicitor, Charles H. Arnall,* contra.

GUERRY, J.   The accusation charged that "George Gaissert of said county, is guilty of the offense of misdemeanor, to wit, wholesale sale of beer without a license to wholesale beer in Coweta County, Georgia, for that the said accused, in said county, on the 13th day of May, 1937 . . [did?] without the limits of a municipality sell and offer to sell malt beer at wholesale to a retail beer dealer, without any permit from the county authorities and without first procuring a permit and without paying license tax required by county authorities and from a wholesale beer dealer, and without complying with regulations made by county authorities in relation to sale of beer in said county.   And said accused did unlawfully without the limits of a municipality, in behalf [of?] the Griffin Wholesale Grocery Company, solicit, accept and transmit to this principal an order for beer from a retail beer dealer in said county, to be delivered and paid for in said county, knowing at the time that such beer would be delivered and collected for in Coweta County and such beer so ordered was delivered and collected for by said principal in Coweta County and thereby sold in Coweta County, the said accused had no permit or license to sell beer in Coweta County and said principal had no permit or license to sell beer in Coweta County and said accused knew at time he solicited, accepted and transmitted such order that said principal had no permit and no license to sell beer in said county."

The agreed statement of facts was as follows: "The Griffin Grocery Company is a wholesale dealer in groceries, including beer, with its place of business in Griffin, Spalding County, Georgia. It has no agent, agency, or place of business in Coweta County. The Griffin Grocery Company has paid to the State and to the County of Spalding, all taxes, licenses, and registration fees for the year 1937, required of it as wholesale beer dealer by the malt-beverage act (Ga. Laws, 1935, page 73). It has paid no license fee to and received no permit from the county authorities of Coweta County to sell beer at wholesale in said county. G. C. Gaissert, who resides in Griffin, Spalding County, Georgia, is regularly employed by the Griffin Grocery Company as a traveling salesman, to call on retail merchants and take orders for such merchandise as the Griffin Grocery Company may have for sale, including beer. Said G. C. Gaissert does not deliver any articles sold, nor does he collect for any articles at the time the order is delivered; the collection being made subsequent to delivery either by mail or by the said salesman at a subsequent date. The said G. C. Gaissert has no permit or license from Coweta County to sell beer at wholesale in said county. Beer, such as sold by the Griffin Grocery Company, can be legally sold in Coweta County by persons, firms or corporations complying with the provisions of the malt-beverage act (Ga. Laws, 1935, page 73), and the legal regulations legally adopted by the county authorities of Coweta County under said act. The county authorities of Coweta County have adopted certain regulations, copy of which are hereto attached marked Exhibit A. That under the regulations, Coweta County will not issue a permit or license to sell beer at wholesale in Coweta County outside of an incorporated town or city without the applicant paying therefor the sum of $100. That on or about May 14, 1937, G. C. Gaissert, representing the Griffin Grocery Company, called on H. S. Arnold, a retail merchant of Coweta County, Georgia, being located outside of an incorporated city or town, who had complied with all the laws of the State of Georgia and regulations of Coweta County, and was legally authorized to sell beer at retail in said county, and took from said H. S. Arnold an order for a quantity of beer, with other goods. That said order was transmitted to the Griffin Grocery Company, and the goods, including the beer, were subsequently delivered to the said H. S. Arnold by

truck from the stock of the Griffin Grocery Company at Griffin, Georgia. The beer and other goods were paid for by H. S. Arnold to G. C. Gaissert, the traveling salesman for the Griffin Grocery Company, upon a subsequent visit after the delivery, in regular course of business. The Griffin Grocery Company operates no 'beer' trucks in Coweta County from which beer is sold to retail dealers."

As a part of the agreed statement of facts there were attached certain regulations adopted by the board of commissioners of roads and revenues of Coweta County, which were in part as follows: "Acting under the authority granted under said 'beer-license act,' Ga. Laws, 1935, No. 267, pages 73-81, inc. Be it ordered by the board of commissioners of roads and revenue, Coweta County, Georgia, and it is hereby ordered that there be and is imposed the following annual license fee upon all persons (persons being defined as in § 4 of said act) engaged in or carrying on the business of manufacturing, distributing, selling or otherwise dealing in malt beverages (as defined in said act, § 4), outside of the incorporated cities and towns in Coweta County, Georgia: Brewers . . $1000. Wholesale Dealers . . $100. Retail Dealers . . $20, the above license fee to be paid on the filing of an application for permit as hereinafter provided, and said permit shall be good for the year 1937, beginning January 1, 1937, and ending December 31, 1937." The defendant was found guilty and he excepts.

Section 7 of the act of 1935 (Ga. Laws, 1935, pp. 73, 76), provides: "That if any business allowed under the provisions of this act is proposed to be carried on within the corporate limits of a municipality, the applicant for license shall pay to the proper authority, to be designated by the governing body of such municipality, such annual license fee as may be fixed by the said governing body, which license shall apply to and be required for each brewery or place of manufacture and also for each place of wholesale and retail distribution; and it is further provided that when any of the above described businesses are licensed by municipal authority, that no county license fee shall be required by county authority. However, upon any of the above designated businesses located outside a municipality, the governing authority of such county, in which any of the said businesses are located, is authorized to fix an annual license fee. The license fee so fixed shall apply to and

be required for each brewery or place of manufacture and for each place of wholesale and also for each place of retail distribution outside of the municipality and/or including towns or cities." In § 15A of said act it is provided: "The privilege of manufacturing, distributing, and selling by wholesale or retail of beverages provided in this act is purely a privilege and no business legalized by this act shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." See *Harbin* v. *Holcomb,* 181 *Ga.* 800 (184 S. E. 603). In *Fruit Co.* v. *Dalton,* 184 *Ga.* 277 (191 S. E. 130), the court held that an injunction would lie to prevent the City of Dalton from collecting by execution a license fee upon a nonresident wholesale beer dealer fixed by the municipality. Code, § 92-4105, was quoted as authority for the decision rendered, which section prevents a municipality from collecting a license from a traveling salesman engaged in taking orders for the sale of goods where no delivery is made at the time of taking the order. It was also held: "Where a dealer in beer at wholesale had its only office and place of business in the City of Rome, and sold and delivered beer in the City of Dalton only upon orders previously taken by its traveling agent or salesman, the business so conducted was not subject to an ordinance of the City of Dalton imposing a license fee or tax on dealers in beer at wholesale." It was further said in said opinion: "The license tax here involved is a strictly revenue measure, and no question of police power is involved." We do not think the fact that Coweta County may issue permits to retail dealers in beer outside the limits of municipalities, ipso facto makes such business a legal business so that no control may be had over it or of those who sell beer to it. The sale of it at all is a privilege and not a right. The line of reasoning adopted by the Supreme Court in *City of Colquitt* v. *Jeffords Oil Co.,* 170 *Ga.* 605 (154 S. E. 140); *Wofford Oil Co.* v. *Willacoochee,* 184 *Ga.* 275 (191 S. E. 128), was with respect to a business which is a legal business, and not one coming under the police power of the State as does the one at bar, although this fact might be immaterial when a license for a place of distribution was involved. In the *Dalton* case, supra, a different issue might have been presented if it had

been charged that the Fruit Company was selling and delivering beer without a permit so to do.

It will be noted that before a license is granted a permit must be had. The granting and issuing of the license may of itself amount to a permission. As to license or occupation taxes "the situs of the business is the controlling factor," and while the situs of the Griffin Wholesale Company may be in Spalding County, and the mere place of delivery is immaterial with respect to fixing a situs for taxation or license, we think a different rule applies in respect to sales of this character. It will be noted that § 7, supra, provides that a license tax may be required for each place of business. This does not affect the right of unconditional granting or refusing of permission to transact the business. Suppose, in the present case, Coweta County had refused to allow beer to be sold at retail in its borders outside municipalities, could it be contended that the transaction in the present case was not a violation of the law? See *Collier* v. *State,* 54 *Ga. App.* 346 (187 S. E. 843). The sale of whisky sent by express c.o.d. is not complete until the whisky is delivered and paid for, and the express company in such a case, where its sale is prohibited, is guilty if it acts knowingly in completing the sale. *Crabb* v. *State,* 88 *Ga.* 584 (15 S. E. 455). There is a clear distinction in a place of business which may be subject to a license or occupation tax and a single sale. *Collier* v. *State,* supra. Where an order is taken and delivery made at the same place, although not at the time of the taking of the order, and payment made therefor, such sale is completed at that place. Such a sale may not subject such person to the payment of a license tax, as explained in the decision above quoted, but where the article sold comes within the privilege class rather than as a matter of right, and a permit is required by the governing authorities before such sale may be had at all, a sale without such permit is a violation of the statute. The Griffin Grocery Company in this case contracted to sell and deliver this beer in Coweta County. They did so. Such a transaction as this was held in *Cook Brewing Co.* v. *Lawrence,* 142 *Ga.* 255 (82 S. E. 653), to be in the county where the beer was to be delivered. The second count of the accusation alleges that the accused for the benefit of the Griffin Grocery Company solicited this order in Coweta County and collected for it after its delivery by them in Coweta County with knowledge that

no permit had been granted for such sale. This being a misdemeanor we think these facts support a verdict of guilty.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*