BURROUGHS *v.* TOWN OF MEIGS *et al.*

No. 18000.   ARGUED OCTOBER 14, 1952—DECIDED NOVEMBER 12, 1952.

*Cain & Smith,* for plaintiff in error.

*Frank S. Twitty* and *W. M. Harris Jr.,* contra.

HEAD, Justice. Counsel for all parties recognize the well-established general rule, that equity will not enjoin criminal prosecutions. *City of Douglas* v. *South Georgia Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127); *Lacy* v. *Mayor &c. of Blue Ridge,* 180 *Ga.* 678 (180 S. E. 607); *Jewel Tea Co.* v. *City Council of Augusta,* 183 *Ga.* 817 (190 S. E. 1); *Mather Bros.* v. *City of Dawson,* 188 *Ga.* 450 (4 S. E. 2d, 165), and cases cited. Counsel for the town insist that, under the allegations of the petition, the general rule is controlling.

Counsel for the petitioner insist that the present case falls within the exception to the general rule, that equity will enjoin a criminal prosecution which illegally threatens irreparable injury or destruction to private property, where the petitioner has no adequate remedy at law. Counsel for the petitioner cite and rely on that line of cases where injunction was granted to protect a property right. *Chaires* v. *City of Atlanta,* 164 *Ga.* 755 (139 S. E. 559); *Great Atlantic & Pacific Tea Co.* v. *City of Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320); *Moultrie Milk Shed* v. *City of Cairo,* 206 *Ga.* 348 (57 S. E. 2d, 199).

Counsel for the petitioner stress the *Moultrie Milk Shed* case, supra, and insist that the allegations of the petition clearly place it within the facts of that case, and that the petitioner is entitled to enjoin the criminal prosecution against the driver of his truck. This contention cannot be sustained. In the *Moultrie Milk Shed* case, it was alleged that the city authorities had made a criminal case, that the petitioner was prosecuting a review by certiorari, and had complied with the law in procuring a supersedeas, but that the defendants had informed the peti-

tioner that, notwithstanding the supersedeas, it was their purpose to arrest and prosecute any of the employees and agents of the petitioner who might attempt to sell and deliver milk in the City of Cairo. This allegation was admitted in the answer of the defendants. It was further alleged that the petitioner was unable to get any employees who were willing to sell milk within the city, and as a result of this failure the petitioner was sustaining losses and was threatened with a complete destruction of its business in the city. Milk was purchased from producers under contracts which required the petitioner to take delivery, and unless the petitioner could deliver milk in Cairo, it would have a large quantity of milk which it would be unable to dispose of and which would become a total loss.

In the present case, the petitioner has not attempted to avail himself of any legal remedy. If the allegations of his petition are true, he places himself squarely within the provisions of the Code, § 92-4105, which prohibits any municipality from requiring a license of any traveling salesman. In *Wofford Oil Co.* v. *Town of Willacoochee,* 184 *Ga.* 275 (191 S. E. 128), and *Fruit Co.* v. *City of Dalton,* 184 *Ga.* 277 (191 S. E. 130), it was held that a municipality can not require a license of a traveling salesman where no delivery of goods is made at the time the orders are taken, and that a municipality can not split up a business into its constituent parts and levy a tax on each element thereof, nor can it levy a tax upon the delivery of goods. There is no allegation in the present case that the town authorities will disregard the processes of the law and disobey any writ of supersedeas. If the petitioner should establish the allegations of his petition in the pending criminal case, there is nothing to indicate that the settled law of this State would not be applied to the facts of the criminal case.

No property of the petitioner has been seized, destroyed, or made of little or no value. He alleges only that he will be unable to get his driver to make other trips in the Town of Meigs to deliver his merchandise, and that other prosecutions are threatened. This allegation is insufficient to bring the petitioner's case within any exception to the general rule, that equity will not enjoin a criminal prosecution. The exigencies of the *Moultrie Milk Shed* case, supra, can not be made applicable to

the allegations of the petition in the present case, which falls within facts stated in *Mather Bros.* v. *City of Dawson,* supra. It follows that the trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*